CLARK *vs.* BROWN.

It is not a matter of course to allow a party to turn a case into a bill of exceptions.

On a case, the decision of the supreme court is final; but on a bill of exceptions, the parties can carry the cause to the Court of Appeals. Whether they shall be allowed to do so must depend upon the gravity of the case, and the nature of the questions involved.

A witness will not be allowed to disqualify himself, and thus deprive a party of the benefit of his testimony, by his own declarations showing a bad feeling against the opposite party.

THIS was an action on the case for obstructing a private right of way, by erecting a gate at the end of a lane running along by the side of, and adjoining, the plaintiff's land. The cause had been tried previously before two juries, and on each occasion a verdict was rendered for the defendant. These verdicts were set aside by the supreme court, and the cause sent back for a third trial. In each instance, the court decided that the plaintiff made out a clear right of way. On the third trial, a verdict was rendered for the plaintiff. Upon this trial, the defendant, for the purpose of showing the existence of a particular estate during his minority, offered in evidence a copy of the probate of a will, after having shown the loss of the original. And to show that there was no acquiescence in the plaintiff's claim, on the part of the defendant, his counsel offered to prove that on one or two occasions the defendant denied the plaintiff's right of way. The defendant also offered to prove that one of the plaintiff's witnesses, Mrs. Strang, entertained bad feelings towards him. All this evidence being disallowed by the circuit judge, exceptions were taken to his decisions. A case was then made, which it was agreed might be turned into a bill of exceptions. It was however argued before the supreme court as a case. That court directed the verdict to be amended, so that it should be in favor of the plaintiff upon the first count, and for the defendant upon the other two.

*J. W. Tompkins,* for the defendant, now moved to turn the case, which had been argued, into a bill of exceptions ; in order that the points of law therein involved might be brought before the Court of Appeals. He also moved for a re-taxation of the costs ; upon an affidavit showing that the defendant's counsel, who resides at White Plains, did not reach the city of New-York, where the taxation was had, until about half an hour after the bill had been taxed ; and that although he requested that a re-taxation might be had, and offered to pay the costs thereof, the plaintiff's counsel refused to consent thereto.

*E. Sandford,* for the plaintiff. The defendant had his choice either to make a case or a bill of exceptions. By choosing to do the former he has made his election, and he is bound by it ; especially after having gone so far as to bring the case to argument, and getting the decision of the court thereon. It is too late to make this application now. (*McFarlane* v. *Ulster Co. Bank,* 5 *Hill,* 432. 1 *John. Cas.* 492, *n.* 1 *How. Pr. Rep.* 8, 42.) And it is not a matter of course for the court to grant such an application, even if made in season.

EDMONDS, J. It is not a matter of course to allow a party to turn a case into a bill of exceptions. On a case, the decision of the supreme court is final, but on a bill of exceptions, the parties can go to the court of dernier resort. And whether they shall be allowed to do so, must depend upon the gravity of the case, and the nature of the questions involved.

The question involved in this case, is whether the plaintiff has a right to use a lane without a gate, his right to use it with a gate being undisputed. This is scarcely of importance enough to go to the Court of Appeals with ; especially after the case has been three times tried at the circuit, and three times argued before the supreme court.

Nor can I conceive that there are questions of law in the case, of sufficient importance to justify or warrant a review. The first question of evidence does not involve any matter of principle, but merely what was meant by the language in which the

defendant clothed his offer of proof. The second question, as to the offer to prove that the defendant had denied the right of way, is of no moment; for the right of way was not sought to be founded on an acquiescence, but upon an adverse possession. And the third question of evidence, viz. the offer to prove that the witness, Mrs. Strang, had said that she had bad feeling towards one of the parties, is not worthy of review, because the exclusion of the evidence was clearly right, on the familiar principle that a witness shall not be allowed thus to disqualify himself, and deprive a party of the benefit of his evidence.

The motion for leave to turn the case into a bill of exceptions must, therefore, be denied. There must, however, be a re-taxation of costs, not as a matter of right, but from the suggestion that there were errors in the former taxation. On such re-taxation, the plaintiff may include any items not in his former bill, which are properly taxable, and also his costs of opposing this motion.

---

SAME TERM.    *Before the same Justice.*