WILLIAM J. DELANEY, as Receiver, etc., of THOMAS B. VALENTINE, Appellant, *v.* THOMAS B. VALENTINE and Others, Respondents.

*Appeal upon exceptions alone — the respondent has no right to have evidence inserted in the appeal book.*

A party desiring to appeal from a judgment entered upon the decision of the court is not obliged to prepare a case to be settled as required by section 997 of the Code of Civil Procedure, but he may (under section 998 of that Code) take exceptions to the findings of the trial court upon questions of law and have his appeal heard upon those exceptions without any case.

A party who elects to appeal simply upon the exceptions taken to the findings of the trial court, upon questions of law, cannot be deprived of that right by the opposite party's insisting upon having the evidence taken on the trial inserted in the appeal book.

APPEAL by the plaintiff, William J. Delaney, as receiver, etc., of Thomas B. Valentine, from an order of the Supreme Court, made at the Saratoga Special Term and entered in the office of the clerk of the county of Saratoga on the 30th day of November, 1896, denying the plaintiff's motion for a resettlement of the case on appeal and the amendments thereto.

*Winsor B. French*, for the appellant.

*W. P. Butler* and *Edgar T. Brackett*, for the respondents.

HERRICK, J. :

This is an appeal from an order of the Special Term denying the plaintiff's motion for a resettlement of the case, and amendments thereto, made in the above entitled-action.

The trial of this action was had before the court without a jury, and resulted in a judgment in favor of the plaintiff. The court made findings of fact and of law, and from the judgment entered upon such findings and the exceptions thereto the defendants appealed, and served upon the plaintiff's attorney the following as his proposed case:

"SUPREME COURT.

| | |
|---|---|
| "WILLIAM J. DELANEY, as Receiver, etc.,<br>Respondent,<br><br>*ag'st*<br><br>THOMAS B. VALENTINE, WILLIAM H. LOCKWOOD and ANN A. LOCKWOOD,<br>Appellants. | *Proposed Case.* |

"This action was commenced by the service of the summons and complaint on the 19th day of August, 1893. The separate answers of the defendants were served on September 8th, 1893. The names of the parties in full are as above stated. There has been no change of parties pending this action. The action was tried in October, 1893, and the complaint was dismissed. The General Term reversed the judgment and ordered a new trial. The action was tried a second time before Mr. Justice McLAUGHLIN, without a jury, in February, 1896. On such trial the court directed judgment for the plaintiff against the defendants for the relief demanded in the complaint.

"The facts found by the court are set out in the decision, and are the only ones found by it (*and the only facts established on the trial*)."

(Here insert the judgment roll, including the decision of the trial justice.)

(Here insert exceptions served by the defendants, the opinion of the General Term and notice of appeal served by them.)

"*Take Notice.* The foregoing is the case on appeal proposed by the defendants herein."

This was signed by the defendants' attorneys, addressed to the plaintiff' attorney, and indorsed with the title of the action and with the names and addresses of the defendants' attorneys.

The plaintiff's attorney proposed as amendments thereto, *first,* to strike out all the words italicized, and as a *second* amendment to

insert after the words so stricken out, certain evidence given upon the trial of the action; and he moved before the Special Term for the allowance of such amendments, and their addition to the case.

The Special Term struck out the italicized words referred to, but refused to allow the evidence to be inserted, and certified the case as settled, and ordered the same to be filed without such evidence in the case.

The appellant here contends that the evidence which he desires inserted proves, or tends to prove, certain important facts tending to sustain the conclusions of law found by the trial court.

I think that the order appealed from must be affirmed. The evidence proposed forms no part of the record upon which the appeal is to be heard.

A party desiring to appeal from a judgment entered upon the decision of the court is not obliged to prepare a case to be settled as required by section 997 of the Code of Civil Procedure, but he may take exceptions to the findings of the trial court upon questions of law, and have his appeal heard upon those exceptions without any case. (Code Civ. Proc. § 998; *Schwarz* v. *Weber*, 103 N. Y. 658.)

The appeal of the defendants was evidently taken pursuant to section 998 of the Code of Civil Procedure, and is one in which no case need be made, and where the evidence is not brought before the Appellate Court. To permit the respondents upon such an appeal to have the evidence taken upon the trial inserted in the appeal book would defeat the right of the appellant to have his appeal heard upon the decision of the trial court, and his exceptions to the rulings of the trial court upon the questions of law only.

Of course, it is possible that this exclusion from the appeal book, to be used upon the appeal, of the evidence taken upon the trial, may sometimes work to the disadvantage of the respondent upon such appeal; but, as has been said by the Court of Appeals : " The party succeeding upon a trial before a judge or referee must see to it that he has findings of facts sufficient to uphold his judgment, and if he does not he is exposed to the peril of a reversal of his judgment by an appeal based solely upon the exceptions of the defeated party to the conclusions of law." (*R. L. Co.* v. *S. & P. P. Co.*, 135 N. Y. 209.)

The papers served upon the appellant's attorney show very plainly what was intended to be relied upon, that the parties appealing intended only to bring up for review the exceptions to the ruling of the court, as provided in sections 994 and 998 of the Code of Civil Procedure.

The fact that it had written upon it "Proposed case," does not change the appeal book to be used upon appeal to a case. The record which the party appealing proposes to take up for consideration is very commonly, although perhaps improperly, called a case ; calling it such does not constitute it a case and exceptions wherein the evidence or a statement thereof must appear.

The preliminary matter immediately following the title of the action is simply a statement in full of the matters required by rule 41, and does not constitute the papers served a case and exceptions.

The defendants in this action having elected to appeal simply upon the exceptions to the findings of the trial court upon the questions of law, cannot be deprived of that right by turning their appeal into one to be heard upon a case and exceptions.

The order must therefore, be affirmed, with ten dollars costs and disbursements.

All concurred, except PUTNAM, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.