(28 App. Div. 577.)

### HUBBARD v. CHAPMAN.

(Supreme Court, Appellate Division, Second Department.    April 26, 1898.)

**1. CASE ON APPEAL.**
> The proposed case on appeal provided for by Code Civ. Proc. § 997, embraces what was formerly known, and is still described in General Rule 34, as a "bill of exceptions."

**2. SAME—STATEMENT OF EVIDENCE.**
> Where an appellant seeks to review rulings of the court in receiving testimony offered at the trial by the respondent, his proposed case need not set out the evidence in terms, but may make a statement of its effect.

Appeal from trial term.

Action by Norman Hubbard against Henry T. Chapman. Judgment for plaintiff. Defendant appeals. Motion to dismiss for failure to file and serve printed appeal books, as prescribed by General Rules of Practice, No. 41. Denied.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Joseph A. Burr, for the motion.
Herbert A. Ketcham, opposed.

HATCH, J. The appellant made and served a case which he calls a "proposed case and exceptions." It is evident that by this proposed case the appellant alone seeks to review certain rulings of the court in receiving certain testimony offered by the respondent upon the trial; and for this purpose the case as proposed states that "evidence was offered by the plaintiff tending to prove," etc. Then follows a statement of the evidence, and the objection thereto, and the ruling of the court thereon. We think that this is a case contemplated by section 997 of the Code of Civil Procedure, which provides:

> "Where a party intends to appeal from a judgment, rendered after the trial of an issue of fact, or to move for a new trial of such an issue, he must, except as otherwise prescribed by law, make a case, and procure the same to be settled and signed by the judge, * * * by or before whom the action was tried, as prescribed in the general rules of practice. * * * The case must contain so much of the evidence, and other proceedings upon the trial, as is material to the questions to be raised thereby, and also the exceptions taken by the party making the case."

By rule 34 of the General Rules of Practice it is provided that:

> "A bill of exceptions shall only contain so much of the evidence as may be necessary to present the questions of law upon which exceptions were taken on the trial; and it shall be the duty of the judge upon settlement to strike out all the evidence and other matter which shall not have been necessarily inserted."

It thus appears that the Code and the rules are in harmony with respect to what constitutes a case and exceptions. One refers to the other; and by the express terms of each it is only required that the case shall contain so much of the evidence and proceedings had upon the trial as is material to present the questions and exceptions which the appellant seeks to have reviewed. In this view it can make no practical difference whether the evidence in terms be set out, or a statement of its effect be made. The essen-

tial thing is to have the fact appear, and, when this is done, every requirement is met, as the parties will then have everything which will protect their rights, and the court be informed of all that is needful to make proper disposition of the case. While no mention is made of a bill of exceptions in the Code, the same is not true of the rule. But it is quite evident from a reading of both that the proposed case for which provision is made in the Code embraces what was formerly known as a "bill of exceptions." Winter v. Railroad Co., 8 Misc. Rep. 362, 28 N. Y. Supp. 695.

It has been the uniform desire of the court that, where the appellant seeks only to have presented questions of law for review, the case should not contain the whole of the evidence, but only so much as will present the questions sought to be reviewed. Such is the recommendation of the court as expressed in the decisions. Marckwald v. Navigation Co., 8 Hun, 547; Price v. Powell, 3 N. Y. 322; Bissel v. Hamlin, 20 N. Y. 519; Jewell v. Van Steenburgh, 58 N. Y. 85; Tweed v. Davis, 1 Hun, 252. The Code has in no respect changed this rule; but the practice in this regard remains the same as under the decisions we have cited, and such practice is expressly continued by the provisions of Sup. Ct. Rule 34, as therein it is made the duty of the judge to strike out, upon a settlement, all evidence and other matters not necessarily required to present the questions sought to be reviewed. The defendant, in his proposed case and exceptions, complies with this rule, as he makes a clear statement of what the evidence tended to establish, followed by the objection, the ruling of the court thereon, and the exception to such ruling; so that in this respect the point sought to be raised is clearly intelligible, and gives notice to the respondent of the precise question which the appellant seeks to have reviewed.

The remedy of the respondent is clear. If the statement as thus made does not conform to the facts as they appeared on the trial, and upon which the ruling was based, he is authorized to propose by way of amendment such further statement, if any, as he claims the evidence established, in order that the statement may contain the precise facts upon which the ruling of the court was based. This remedy protects every right of the respondent, and enables him to have inserted all that is essential to show the correctness of the ruling, if the facts appearing upon the trial establish such result. We think that the appellant in this case complied with the provisions of the Code and the rules and the settled practice thereunder, as adjudicated in the numerous decisions which have arisen upon the question.

It follows that the motion should be denied, with $10 costs and disbursements, with leave to the respondent to serve such proposed amendments to the case as he shall be advised. All concur.