crossing which the plaintiff was attempting to pass. The court said:

"The escape of steam was from an automatic safety valve, which, when the engine is standing, prevents the dangerous accumulation of steam, by letting it off when the pressure reaches a certain point. It cannot, of course, be pretended that the use of such a device, adopted for protection from danger, and which acts mechanically, and not under the control of the engineer, is negligence."

The foregoing considerations lead to the conclusion that the evidence, as matter of law, failed to establish actionable negligence on the part of the defendant, and that the judgment appealed from should be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide event. All concur.

(65 App. Div. 268.)

STIASNY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. November 15, 1901.)

NEW TRIAL—SUFFICIENCY OF RECORD—CASE—BILL OF EXCEPTIONS.
Code Civ. Proc. § 997, provides that a party applying for a new trial of an issue of fact must make a case, signed by the trial judge, which contains so much of the evidence and proceedings upon the trial as is material to the questions raised on the application, together with his exceptions. A bill of exceptions, presented on a motion for a new trial in an injury case, contained all the evidence of defendant's negligence. The judge's charge to the jury, made a part of the record, showed that the insanity of the party injured was a conceded fact. The affidavits of the plaintiff, his committee, on the motion, asked on account of newly-discovered evidence, averred that such party had become sane, and was in a condition to testify to material facts, which, if believed, would authorize a different verdict. Held, that as the case required by Code Civ. Proc. § 997, embraces a bill of exceptions, the record was sufficient to entitle plaintiff to be heard upon the merits of the application for a new trial.

Van Brunt, P. J., dissenting.

Appeal from trial term.

Action by Carolina Stiasny, as committee in charge of Albert E. Stiasny, a lunatic, against the Metropolitan Street Railway Company. From an order denying plaintiff's motion for new trial, asked on the ground of newly-discovered evidence, she appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Franklin Pierce, for appellant.
Charles F. Brown, for respondent.

PATTERSON, J. On the trial of this action, which was brought to recover damages for personal injuries claimed to have been sustained by Albert E. Stiasny through the negligence of the defendant's servants, a verdict was rendered for the defendant, and upon appeal to this court that judgment was affirmed. 68 N. Y. Supp. 694. At the time of the trial Albert E. Stiasny was a lunatic in charge of a committee, and the action was brought in the name of

such committee. Since the affirmance of the judgment Mr. Stiasny
has been restored to sanity, and the plaintiff has moved for a new
trial on the ground of newly-discovered evidence. That evidence
consists of alleged material facts within the knowledge of Albert
E. Stiasny, as to which he could not testify upon the trial because
of his impaired mental condition. It is claimed that Mr. Stiasny
is now in condition to testify to those alleged material facts, and
that they are of such a character that, if they were believed by a
jury, a different verdict would be authorized.

The motion for a new trial was denied at the special term, the
court sustaining a preliminary objection taken by the defendant,
namely, that the record presented as the foundation of the motion
was insufficient, in that it does not comply with the requirements
of section 997 of the Code of Civil Procedure, which provides, among
other things, that where a party intends to move for a new trial
of an issue of fact he must, except as otherwise prescribed by law,
make a case, and procure the same to be settled and signed by the
judge, justice, or referee by or before whom the action was tried,
as prescribed in the general rules of practice, and that the case
must contain so much of the evidence and other proceedings upon
the trial as is material to the questions to be raised thereby, and
also the exceptions taken by the party making the case.

The record presented to the court below on the present motion
is called a "bill of exceptions." It contains the evidence relating
to the subject of the negligence of the defendant's servants, out of
which alleged negligence the plaintiff's cause of action arose, but it
does not contain evidence as to the mental condition of Mr. Stiasny
at the time of the trial. The question now presented is whether
what is called the "bill of exceptions" in this case is a case within
the meaning of the section of the Code above cited.

It is noticeable that, although the record of the trial presented
on this motion bears the heading "Bill of Exceptions," yet it was
treated by both parties to the action as a case and exceptions. It
was stipulated between the attorneys for the respective parties that
that record was a true copy of the case and exceptions on appeal
in this action, and also that it might be ordered on file as and for
the original case and exceptions on appeal, as settled herein, and
it was so ordered on file by the justice who presided at the trial of
the action. What is a "case," under section 997 of the Code of Civil
Procedure, was considered in Hubbard v. Chapman, 28 App. Div.
577, 51 N. Y. Supp. 207, in which it was held that a "case" for which
provision is made in the Code embraces a bill of exceptions; and,
following that decision, we must hold that the record presented on
this motion to the court below was sufficient as a case to authorize
the justice at special term to entertain and pass upon the motion.
In that record is contained all the evidence upon the subject of the
alleged negligence of the defendant's servants. There is also certi-
fied in that record, and forming a part of it, the charge of the judge
to the jury, from which it appears that no issue was made with re-
spect to the insanity of Mr. Stiasny. On the contrary, that was con-
ceded. The only controversy was as to that insanity being incur-

able. The affidavits read by the plaintiff upon the motion point out wherein evidence now available will materially alter the aspect in which the case went to the jury. The justice at special term should have passed upon the merits of the application.

Deeming, as we do, the record sufficient to entitle the plaintiff to be heard upon the merits of the application, the order appealed from should be reversed, with $10 costs and disbursements, and the motion remitted to the special term, to be heard and decided upon the merits.

INGRAHAM, HATCH, and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J.   I dissent, there never having been any case made, only a bill of exceptions.