### INGERSOLL et al. v. CUNNINGHAM et al.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

1. APPEAL—REVIEW—FINDING OF FACTS.
Where, on appeal, it is contended that a certain part of the judgment appealed from is not warranted by the facts found, it cannot be assumed that the evidence would have warranted any findings that would tend to support the judgment, other than those actually made.

2. SAME—FRAUDULENT CONVEYANCE—LIENS—FINDING—JUDGMENT.
Testatrix, at the instance of W., had certain stock dealings with respondents, as brokers, prior to W.'s entering respondents' employ as a clerk. Thereafter testatrix was fraudulently induced to convey certain real estate, stocks, bonds, and other securities to W., some of which were held by respondents, who were without knowledge of the fraud perpetrated by W., and were subject to advances made by them on her account. *Held* that, on such transfer being set aside at the instance of testatrix's executors, they were not entitled to a personal judgment against respondents

for the value of the securities held by them, but only a judgment for the return of such securities on payment of respondent's lien thereon.

**3. SAME—TENDER—COSTS.**

Where, in a suit in equity to set aside a conveyance for fraud, and to recover certain securities held by respondents subject to a lien, the latter had no notice of the fraud, and complainants did not allege a tender of the amount of the lien, they were not entitled to recover costs.

**4. SAME—EQUITY—DETERMINATION OF ENTIRE CONTROVERSY.**

Where a suit was brought to set aside an alleged fraudulent conveyance of certain securities to W., which securities were in respondent's possession without knowledge of the fraud, and were subject to a lien for advances, the suit being in equity, the amount of respondent's lien and the entire controversy should be determined in one action. ·

Appeal from Special Term, New York County.

Action by Charles D. Ingersoll and another, as executors of the estate of Delia A. Blanchard, deceased, against James W. Cunningham and others. From that part of the judgment dismissing the complaint as to defendants Cunningham and Rogers, with costs and an extra allowance, plaintiffs appeal. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Albert Stickney, for appellants.

Duncan Edwards, for respondents.

LAUGHLIN, J. The evidence is not presented for review, as no case was made or settled. The appeal therefore merely presents the exceptions contained in the judgment roll. The appellants excepted to the conclusions of law relating to the right of the respondents to have the complaint dismissed as not warranted by the facts found. The precise point presented by the appeal is whether that part of the judgment from which the appeal is taken is warranted by the facts found by the trial court. The learned counsel for the appellants correctly states the rule that, on the review of this question, it may not be assumed that the evidence would have warranted any findings that would tend to support the judgment, other than those actually made. Rochester L. Co. v. S. P. Co., 135 N. Y. 209, 31 N. E. 1018; Delaney v. Valentine, 11 App. Div. 316, 42 N. Y. Supp. 571.

The action is brought to set aside a transfer of real and personal property upon the ground that the execution of the same was induced by fraud and undue influence, and to require a reconveyance thereof and an accounting. The instrument, the execution of which is claimed to have been brought about by fraud and undue influence, was in the form of a deed conveying real estate and transferring personal property from the plaintiffs' testatrix to the defendant Weld. It was executed on the 20th day of January, 1903. The respondents were stockbrokers, and Weld was in their employ as a clerk from the 23d day of December, 1902. Prior to that time he had enjoyed the confidence and trust of the testatrix, and had been intrusted by her with the management and control of her stocks, bonds, and other se-

¶ 3. See Cancellation of Instruments, vol. 8, Cent. Dig. § 126.

curities. The testatrix, at the instance of Weld, had stock dealings with the respondents as brokers from the 12th day of November, 1901—long prior to his entering their employ. Some of these accounts were in the names of Weld and the testatrix, and others were in her name alone. At the time of the alleged fraudulent transfer the respondents held stocks of great value owned by the testatrix, which were included in the transfer to Weld. The court found that the execution of the conveyance and transfer was procured by fraud and undue influence exerted by the defendant Weld, but that the respondents were not guilty of fraud, and had no knowledge of the fraud perpetrated by Weld. The court also found that the stocks, bonds, and other securities of the testatrix held by the respondents at the time of the fraudulent transfer, and included therein, were of the value of $128,667.20 over and above the advances made by them on her account, and that they had made certain advances on her account which they were entitled to charge against the value of this property, but the amount of such advances is not found. The court awarded judgment in favor of the plaintiffs against Weld for the reconveyance of certain other property, and for the value of this property which was held by the respondents, and dismissed the complaint as against the respondents, as already stated. The appellants contend that they were also entitled to a judgment against the respondents for the value of the property or its return. Upon the findings, which exonerate the respondents from any charge of fraud, the appellants were not entitled to a personal judgment against them, but only to the return of the property and a personal judgment in the event of their failure to comply with the decree. In other words, the right of the appellants against the respondents upon these findings, in addition to having them concluded by the judgment annulling the transfer, is a right to redeem the securities, and as to them the action may be treated as for such redemption. If the court had found the amount of the lien of the respondents upon the securities, it could have decreed that, upon tender of the amount of the lien, they be required to deliver the property to the appellants, and, in the event of their failure so to do, that the appellants recover a personal judgment for the value thereof. Weld was a necessary party to the suit in equity to set aside the transfer under which the respondents claim the right to hold the stock for his account, and for the redemption thereof, because without his presence the controversy could not be determined. The appellants did not, however, allege a tender of the amount of the respondents' lien, and therefore they are not entitled to recover costs of the action, aside from the costs of the appeal; but, it being a suit in equity, the amount of the lien of the respondents should be determined and the whole controversy decided in this action.

We think, therefore, that the judgment, in so far as it is appealed from, should be reversed, with costs to appellants, and that upon the findings of the trial court the appellants are entitled to an interlocutory judgment, as against the respondents, adjudging that the plaintiffs are the owners of the securities, but that the respondents have

a lien thereon for advances made, and that a referee be appointed to determine the amount of the lien, and that upon tender thereof the respondents be required to deliver the securities to the appellants, and, upon their failure so to do, the appellants shall have personal judgment for the value thereof, which is stated in the findings, over and above the amount of the lien of the respondents. All concur.