JACKSON v. STRONG et al.

(Supreme Court, Special Term, Erie County.   August, 1915.)

Costs ☞254—Taxation—"Case."

    A case made by defendant, containing exceptions taken upon the trial to the admission and rejection of evidence, and amendments by plaintiff to such case, although called amendments to a proposed bill of exceptions, is taxable as a proposed case, under Code Civ. Proc. § 3251, which provides costs for making and serving amendments to a case, since it constitutes a "case" as defined in section 997.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 962–966, 974–977; Dec. Dig. ☞254.

    For other definitions, see Words and Phrases, First and Second Series, Case.]

Action by Fred S. Jackson against Charles W. Strong and others. Judgment for plaintiff, and defendant appeals.   On motion by plaintiff, after affirmance, to retax costs on appeal.·  Motion granted.

See, also, 154 N. Y. Supp. 1127.

Wallace Thayer, of Buffalo, for the motion.
Charles W. Strong, of Buffalo, opposed.

BROWN, J.   On the 16th day of July, 1915, the plaintiff presented to the clerk of Erie county a bill of costs for taxation, which included the item: "Amendments to appellant's proposed bill of exceptions, $20.00."   The defendant objected to the taxation of this item, on the ground that there was no authority therefor.   The county clerk disallowed the item, and plaintiff moves for an order directing the county clerk to tax the same as a part of plaintiff's statutory costs.   The defendant opposes the motion, .asserting that Code Civ. Proc. § 3251, which provides costs, "For making and serving amendments to a case, twenty dollars," does not apply to the making and serving of amendments to a bill of exceptions, and that there is no authority for the taxation of any sum for making and serving amendments to a bill of exceptions.

The question presented involves the examination of the record on appeal on file in the office of the county clerk, and it is presumed that that record was before the taxing officer at the time he made the taxation complained of.   From such record it appears that the defendant made a case containing exceptions taken upon the trial to the admission and rejection of evidence, although it is named a bill of exceptions.   From the plaintiff's bill of costs and the papers presented herewith it appears that the plaintiff made certain proposed amendments to the defendant's proposed "bill of exceptions."   While it is true that defendant named his proposed case a "bill of exceptions," and plaintiff named his amendments as amendments to defendant's proposed bill of exceptions, yet it is believed that the defendant's proposed "bill of exceptions" and plaintiff's amendments were in fact a proposed case and amendments thereto within section 3251 of the Code.

Section 998 of the Code provides:

"It is not necessary to make a case, * * * where a party intends to appeal from a judgment entered upon a referee's report, * * * and to rely only upon exceptions taken as prescribed in section 994."

Section 994 provides that:

"Where an issue of fact is tried by a referee, * * * an exception to a ruling, upon a question of law, made after the cause is finally submitted, must be taken, by filing a notice of the exception in the clerk's office," etc.

To present such exception to a ruling upon a question of law, of course, no case would be necessary. The judgment roll is all that would be needed to present the exception for review. The only question raised by such an exception would be whether the findings authorized the judgment rendered. To present for review, however, the rulings upon the admission or rejection of evidence upon the trial, a case is necessary; that is, a record of the proceedings showing what evidence was either rejected or admitted.

The defendant proposed to insert in his record on appeal an extensive statement of the evidence, the proceedings upon the trial, the objection to the admission of evidence, and his exceptions taken to the rulings so admitting and rejecting evidence. It may be that the defendant sought only to present for review his exceptions to the admission and rejection of evidence, and not the decision of the referee upon the facts. Yet his proposed bill of exceptions was in fact a case, as defined in section 997 of the Code. Hubbard v. Chapman, 28 App. Div. 577, 51 N. Y. Supp. 207, where it was held that the case on appeal provided for by section 997 of the Code embraces what was formerly known, and is still described in General Rule 34, as a bill of exceptions. In Delaney v. Valentine, 11 App. Div. 316, 42 N. Y. Supp. 571, the case on appeal was held to be only a bill of exceptions, for the reason that it did not contain any of the evidence, simply the judgment roll, and was not subject to amendment.

The defendant having made a proposed case, containing the evidence on the trial, it could not be treated as a bill of exceptions by simply naming it such. The plaintiff, having prepared and served amendments to the same, is entitled to the statutory costs for so doing, notwithstanding he named his paper amendments to a bill of exceptions. It was in fact amendments to a proposed case, and by section 3251 of the Code his statutory costs therefor should be taxed.

Motion granted, with $10 costs.