GROBERT REALTY CO., INC., Respondent, v. DORF BROS. & CO., INC., Appellant.*

Supreme Court, Appellate Term, First Department, February Term — Filed April, 1922.

*Practice — case on appeal — bill of exceptions — inclusion of testimony and exhibits and other papers.*

APPEAL by defendants from an order of the City Court of the city of New York, denying their motion to resettle the bill of exceptions by disallowing the amendments by plaintiff.

---

* Published by request.— [REPR.

*Stone & Schleimer* (*Max Schleimer*, of counsel), for appellant.

*Henry Greenberg*, for respondent.

Order affirmed, with ten dollars costs and disbursements. No opinion.

GUY and WASSERVOGEL, JJ., concur.

ERLANGER, J. (dissenting). There is no magic in a "bill of exceptions," but it is so rarely encountered by both bench and bar that its appearance at this time should be especially commended. No simpler method for the review of errors of law on appeal has been devised. It is probably because its object and purpose is so little appreciated, that so few make use of its possibilities. Our courts have declared over and over again that records on appeal are not only burdensome, and too often unnecessarily costly, but in many instances tend to embarrass and confuse the points to be considered, as well as complicate the controversies. In the past the advice thus given has fallen on ears that have remained deaf, despite the advantages to be derived therefrom if followed. The system of printing records covering not only pages that run into the hundreds but volumes at times of considerable bulk, still continues, with now and then a rebuke (*Mulroy* v. *Tarulli*, 190 App. Div. 637), but as the printer is thereby enriched at the expense of the litigants, what boots it so long as the courts appear so willing to read. We are now supposed to be guided by up-to-date methods of procedure, but I can see no glimmer in that direction by the affirmance of the order appealed from. That is a distinct step backward and brings to mind the period during which the technical features of our practice did so much harm. The least burden on litigants as well as on the courts is the goal towards which we should strive, and now when appellants on the appeal before us come forward with a short record seeking to have reviewed only questions of law, their right so to do is not only challenged but is denied them, and their bill of exceptions turned into a case against their protest and will. In some jurisdictions this change is allowable. In our state under our present system this change should not be ordered. *Delaney* v. *Valentine*, 11 App. Div. 316. Before the Code it was held that it was not a matter of course to turn a case into a bill of exceptions. *Clark* v. *Brown*, 1 Barb. 215; *Green* v. *Russell*, 1 How. Pr. 8. It is true that the reason then was that on a case the decision of the Supreme Court was final, while on a bill of exceptions the parties could go to the court of last resort. But the reason of that rule no longer exists, as the remedy by appeal was radically changed since the adoption of the Code in 1848. In many of our states, as well as

on the common law side of the federal courts, a bill of exceptions is the recognized mode of review for errors of law. This right did not exist at common law, but is a creature of the statute. It was first introduced during the reign of Edward the First, and became an act of parliament in 1385 and since has been known as the Statute of Westminster. Its enactment was brought about because of the refusal of the courts, when matters alleged were overruled and objections disallowed by them in the course of the cause, to permit them to be stated in what was called the record. The result was that as the record was the exclusive judicial proceeding and the only foundation on which a writ of error could be brought, no error in law could be assigned except such as appeared upon its face, and for the other errors the injured party was without redress. To remedy the mischief the act was passed, and thereafter " the party whose pleading was overruled, or exception disallowed, was himself to write a statement of the facts, and to require the court to put their seals to it, which, if the statement was correct, they were bound, and were to be compellable to do. This statement, so sealed, was ultimately to form part of the record, and as such was of course liable to revision of a court of error." That written statement has become to be known as the bill of exceptions. Its origin is set forth in detail in The Law Library, volume 62, Raymond on Bills of Exceptions (Ed. 1848), and a reference to it cannot but be helpful to those who desire to go up on questions of law. The statute became part of the law of our state at the time of the adoption of the Constitution (N. Y. Const. art. 1, § 16), but long before that, and for years thereafter, the bill was the potential as well as the efficient instrument to point out simply and clearly the errors of the court below. It should be noted that its fundamental feature is in the *statement of the facts*, and although the span of time since the Act of Westminster is measured not by years but by centuries, that *statement*, except as to the seal and some few formalities that modern practice has discarded, is in form the same at the present time. When the Code of Procedure was enacted, by which the writ of error was abolished, appeals were regulated by that statute. Section 264 declared: " If an exception be taken, it may be reduced to writing at the time, or entered in the Judge's minutes, and afterwards settled as provided by the rules of the court, and then stated in writing in a case, or separately, * * * but need not be signed or sealed nor need a bill of exceptions be made." Rule 34 was then adopted to apply to that section and under it a party had the right to elect, either to make a case or exceptions, or case containing exceptions. The last was held to be the bill of exceptions. In 1876 the Code of Civil Procedure was established and it was

designed by it to simplify the practice on appeals. Section 264 of the Code of Procedure was superseded by section 997 of the new act, and by the latter section only a "case" was provided for. Thereupon rule 34 was amended to meet the change, and under it, a bill of exceptions, and a case or exceptions, was permitted, and it was particularly specified what each was to contain. Then came the Civil Practice Act, effective October 1, 1921. By that act, section 997 was divided into two parts (sections 575 and 576) but in so doing the "case" was continued without change. The rules however were much clarified and the bill of exceptions was retained as one of the fixed methods of review. Rules 229, 230, 232. Like under the former rule 34, it is provided (rule 232) that "A bill of exceptions shall contain only so much of the evidence as is necessary to present the questions of law which are to be raised on the appeal," while in a "case" all the evidence is to be included by question and answer together with the rulings and the exceptions of all parties to the record. And finally like under the old rule, if either case or bill does not conform to the new rule, the reviewing court is empowered to send it back for resettlement. The two appeal books thus established differ vitally in respect of contents. Although in neither Code nor under the Practice Act is reference made to bills of exceptions, except that under the Code of 1848 none was required to be made, the Rules of Practice always favored them, and the courts whenever the question came up recognized their value and commended their use. Notwithstanding the rules and the expressed desire of the courts, the fact remains that in the past the case has been invariably adopted as the popular method of review, so that the bill of exceptions has become but a phrase. When it was resorted to, it was attacked like in the instant case, and an attempt made to turn it into a case. In *Hubbard* v. *Chapman*, 28 App. Div. 577, referring to this subject the court said: "While no mention is made of a bill of exceptions in the Code, the same is not true of the rule. But it is quite evident from a reading of both that the proposed case for which provision is made in the Code, embraces what was formerly known as a bill of exceptions." Although that record was called case and exceptions, it was both in form and substance a bill of exceptions. The style of the record seemed novel to the respondent in that action, and he thereupon moved to dismiss the appeal on the ground that the appellant had failed "to serve printed appeal papers as prescribed by Rule 41 of the General Rules of Practice." That motion was promptly denied. In *Marckwald* v. *Oceanic Steam Novigation Company*, 8 Hun, 547, the court below denied the motion for the resettlement of a case containing exceptions. The moving party contended that a bill

of exceptions should contain only so much of the evidence as was necessary to present the questions of law raised on the trial. On appeal the order was reversed and the matter remitted for resettlement by excluding therefrom the unnecessary evidence "and substituting in place thereof, a statement of the facts which such evidence proved or tended to prove upon the trial." The record in the case last referred to, by whatever name it was called, was also in its essence a bill of exceptions. The only difference between the cited cases and the one in hand is that the appellate courts reversed the order denying the motion to resettle, while here the majority have affirmed the refusal to resettle. Again in the cited cases the attempt was made to turn the bill into a case, which the appellate courts refused to allow, while in the instant case, the majority held that it could be done, and affirmed the order by which it was done. In Nichols Practice (§ 1908, p. 2652) appears the following: " The difference between a case, a bill of exceptions, and a case containing exceptions, is that in the first there is contained all the evidence so as to bring up for review merely the question as to the sufficiency of the evidence, while in a bill of exceptions, only exceptions taken at the trial are embodied with so much of the evidence as is necessary to explain them, and a case containing exceptions would seem to be a combination of a case and a bill of exceptions."

The radical difference between them, however, is in the historical statement of what occurred upon the trial, and that, as has been shown, is the all important factor in a bill of exceptions; while in a case nothing of the kind is required nor is it permitted. A form of a bill of exceptions may be found in Burrill's Practice (2d ed. [1846], vol. 3). This form may contain matter not essential under our present practice, but it is nevertheless a perfect guide in the preparation of a bill. Another form which has been approved will be found in *Hubbard* v. *Chapman*, 5 N. Y. Ann. Cas. 219, and still another in cases tried by the court or referee in *Delaney* v. *Valentine, supra.* In *Tweed* v. *Davis*, 1 Hun, 252, 253, it was said: "All that is proper in such an instrument, is a concise statement of facts, presenting the points intended to be relied upon as ground of error, or simply so much of the evidence as may appear to be requisite for the same purpose. That is all that the rights of the defendant, or a proper administration of the laws, can possibly require. And what is added beyond that, only tends to embarrass and confuse the points to be presented, by withdrawing or diverting the attention of the court from their consideration." To the like effect see *Jackson ex dem. Saunders* v. *Cadwell*, 1 Cow. 622; *Ex parte Jones*, 8 id. 123; *Price* v. *Powell*, 3 N. Y. 322; *Jewell* v. *Van Steenburgh*, 58 id.

85. In *Smith* v. *Grant*, 15 N. Y. 590, appears the following: " The exceptions should also have been inserted in the body of the case, as the practice always was, both in reference to cases and bills of exceptions, before the Code of Procedure. It has been too generally supposed that there is now something new, difficult and strange in the manner of preparing cases for appeal; and accordingly we find them prepared frequently in modes never heard of in any known system of practice. A case is now, in its substance, very nearly if not identically, what a bill of exceptions always was in legal practice, *except as to the formal statements of facts, which is now required to be inserted.* If attorneys, besides reading the Code, would carefully study, in other books, the nature of a bill of exceptions, they would rarely be at a loss in preparing their cases for review. The proceeding is extremely simple, instead of extremely difficult, as seems to have been imagined." (Italics mine).

In *Marckwald* v. *Oceanic Steam Navigation Co., supra,* it was said: " The practice of inserting the evidence at large in cases presenting only questions of law is not to be commended; the parties, their counsel and the court are all interested in securing its discontinuance. It imposes unnecessary expense upon the parties and at the same time complicates their controversies. In many cases the needless cost of procuring full notes of the evidence, and afterwards printing them for the counsel and the court, will equal or exceed all the other expenses of the litigation. * * * A presentation of all the evidence renders it much more laborious for the court to ascertain and determine the points involved. They are confused and concealed by it, and in some instances, certainly, imperfectly considered, by reason of the difficulty experienced in gathering what may be the relevant and important evidence for that purpose. It not unfrequently happens that in a case of 100 pages all the material evidence could be well contained in less than half a dozen. Much time is lost and great labor is bestowed, in sifting that which is serviceable from the great mass of what is worse than useless in the case. That time should be devoted to the consideration of the points perspicuously presented by the facts, or by only so much of the evidence as may be required to develop them, instead of being wasted upon a service that is beneficial to no one. The idea that it can do no harm to make papers unnecessarily voluminous has arisen out of a misapprehension of the fact. It is often a positive injury to the parties, for it deprives the courts of the ability to give the real controversy the attention it is often found to require, and which the pressure of other official duties often precludes it from receiving. The practice in this respect cannot be too soon corrected, and the defendant's motion for a resettlement of the case was a step in that

direction. (*Dunlap* v. *Hawkins*, 2 N. Y. S. C. [T. & C.] 292, 298, 299; *Howland* v. *Woodruff*, 60 N. Y. 73)."

In *Hubbard* v. *Chapman*, *supra*, Judge Hatch for the court wrote: " It has been the uniform desire of the court that where the appellant seeks only to have questions of law presented for review, the case should not contain the whole of the evidence, but only so much as will present the questions sought to be reviewed. Such is the recommendation of the court as expressed in the decisions. * * * The defendant, in his proposed case and exceptions, complies with this rule, as he makes a clear statement of what the evidence tended to establish, followed by the objection, the ruling of the court thereon, and the exception to such ruling. So that in this respect the point sought to be raised is clearly intelligible, and gives notice to the respondent of the precise question which the appellant seeks to have reviewed. The remedy of the respondent is clear. If the statement as thus made does not conform to the facts as they appeared on the trial, and upon which the ruling was based, he is authorized to propose, by way of amendment, such further statement, if any, as he claims the evidence established, in order that the statement may contain the precise facts upon which the ruling of the court was based. This remedy protects every right of the respondent and enables him to have inserted all that is essential to show the correctness of the ruling, if the facts appearing upon the trial establish such result."

We may now briefly refer to the case at bar. The complaint counts upon two causes of action (a) for rent due, (b) for extra services for heat and elevator. A trial was had before the court and jury and a verdict rendered in favor of the respondent. The appellants appealed from the judgment entered on the verdict and within time served a proposed bill of exceptions. That was the name given to the instrument and it was so indorsed on the cover. On the 1st page it was styled case and exceptions. The instrument is preceded by the statement required under rule 41 of the old rules, and 234 of the new. Then follow the papers to be printed which constitute the judgment roll, and in addition the order denying the motion for a new trial. There is then added the following statement: " The trial involved one of the issues whether or not the plaintiff waived the payment of the rent on the first day of each and every month during the term of the lease and consented and agreed that same shall be payable instead on or before the 10th of each and every month during the term of the lease. The only evidence bearing upon that issue is a letter from plaintiff to defendants dated June 15, 1920, being Defendants' Exhibit D.; a letter from plaintiff to defendants dated May 11,

1920, being Plaintiff's Exhibit 3; a letter from plaintiff to defendants dated December 31, 1920, being Plaintiff's Exhibit 9, and the following testimony of Albert D. Gross, the President of the plaintiff, to wit:" This is followed by the cross-examination of a witness named Gross called on behalf of the respondent, in the form of questions and answers. The charge of the court is next inserted, together with the request to charge and the rulings of the court thereon, and at the end a direction for the insertion of certain letters. The statement was notice to respondent that appellants intended to bring up for review solely the question of law indicated. Respondent did not so regard it and thereupon proposed amendments which included for insertion in the record not only the direct examination of the witness Gross, but the direct and cross-examination of all the other witnesses called on the trial, and all the exhibits offered by both parties. The amendments were all allowed, the effect of which was to destroy the bill of exceptions and turn it into a case. To this change the appellants protested and moved for a resettlement and the court was requested to disallow the amendments. The application was denied, an order entered to that effect and it is from that order that the appeal was taken and is now before us and which was affirmed. The practice of appellants was the correct one to pursue. Because it was sought to print the order denying the new trial, respondent contended below and before us, that such act was notice to it, that appellants intended to review all the evidence, although as has been shown, the statement indicated clearly the only question of law to be reviewed. If the fact be that all the evidence is required to present that question then it would be proper to include it. But it is apparently not the fact; the evidence to prove the second cause of action, for extra services for heat and elevator, whatever it was could in no event be involved on the question of the waiver. How much of the other evidence, which was allowed by the proposed amendments, is germane to such waiver, cannot be determined as that record is not before us. Respondent also referred to the manner in which the record was styled. Labeling the instrument bill of exceptions on the cover, and case and exceptions on the first page did not change its character. *Delaney* v. *Valentine, supra.* Its form indicated what it was intended to be. While respondent thus prevailed, its counsel could not have failed to observe that the instrument which he thus changed has not at the end thereof a certificate to the effect that it contained all the evidence given on the trial. While this was not required to review the exceptions and the rulings of the court (*Rosenstein* v. *Fox,* 150 N. Y. 354) it is an essential part of the " case " where the weight of the evidence is involved and the

judgment challenged on such grounds. *Leeds* v. *Joyce*, 200 App. Div. 126; *Ceballos* v. *Munson S. S. Line*, 112 id. 352. The absence of such certificate was additional notice to the respondent that only a question of law was to be raised. *Winter* v. *Crosstown Street Ry. Co.*, 8 Misc. Rep. 362, 364. Appellants may not be considered wholly blameless in the preparation of their record. It is clear beyond all doubt that no attempt was made to ascertain either the form of a bill of exceptions or what it must contain and what not. The order denying the new trial has no place in the bill for the reason appearing above. If the exceptions are deemed good a new trial follows as a matter of course. The statement, or what has been termed by me the history of the trial, is not only insufficient but improper in substance and in form. The evidence is in form of questions and answers and that is forbidden not only by rule 232 of the Rules of Civil Practice, but by the old rule 34. A narrative only is allowed of what the evidence tended to establish. Despite these shortcomings justice requires that the appellants should be permitted to prosecute their appeal on a record of their own selection, if one is selected that is recognized by law, and they should not be compelled because of the faults mentioned, to print a voluminous record the larger part of which can have no bearing on the questions of law to be presented. The authorities, as has been shown, discourage such a practice, and rule 232 forbids it. Aside from that, it is the purpose of the new Practice Act and rules to simplify the procedure in our courts. My attention was called to one additional point and that is that it would be error to consider exceptions to a charge without including in the bill the entire charge inasmuch as the request refused might have been covered in the main charge. The answer to that criticism is that no claim is made that the entire charge is not set forth in the bill; but whatever the fact may be in that regard it has been held that inserting the judge's charge *in extenso* in a bill of exceptions, was improper. *Bulkeley* v. *Keteltas*, 6 N. Y. Super. Ct. 450. Only so much of the charge as bears on the question to be raised was considered correct under the old practice. If the entire charge under modern practice is to be included, we have it here. If any part had been omitted undoubtedly an amendment would have been proposed to cover the subject. A reference to the amendments proposed shows no suggestion in that regard. It has been my effort to attempt to point out the advantages to the appellants in resorting to the bill of exceptions instead of to a case. The practice of appealing on a case which contains all the proceedings of the trial is too often resorted to merely on the chance and in the hope that the judgment entered on the verdict may be reversed on the ground that the evidence was insufficient to support it.

One has but to examine the records on appeal to ascertain the very small percentage of judgments resting on verdicts that have been disturbed. There are undoubtedly appeals justifying recourse to such a record, but it is fair to say that all do not warrant it. In the case at bar the trial court was without power to change the bill of exceptions into a case for any of the reasons advanced by the respondent.

The order should be reversed, with ten dollars costs and disbursements in this court, and the motion granted, with ten dollars costs and the matter remitted to the court below for resettlement, by expunging therefrom the motion made for a new trial and the order denying the same, and all evidence and exhibits that have no bearing on the question of law to be presented on the appeal, and let the court direct appellants to conform their bill to the rule as indicated herein.

Order affirmed.