By the Court.—Truax, J.
The trial judge in settling the case struck out the following words : “ The foregoing case on appeal contains all the evidence taken upon the trial of this action,”—and of his action in striking out those words the appellant complains.
The respondent contends that the action of the trial judge was right, because, in fact, the case does not contain all the evidence taken upon the trial of *99 this action. It therefore becomes necessary for us to determine the duties of the respective parties in making and settling a case.
This court will not consider questions of fact on appeal unless the case contains a statement of the kind above noted; but those words do not mean that the case in fact contains every word of evidence that was given on the trial. It means that it contains all of the material evidence that was given on the trial. Courts have frequently condemned the practice of transcribing stenographer’s minutes and calling them a bill of exceptions or a case.
It was the duty of the appellant to make the case, inserting so much of the evidence as he considered material to present the questions involved on the appeal. If the case as proposed by him did not fairly present the testimony, the respondent could then propose amendments, and it was then the duty of the trial judge to settle the case. Lidgerwood Manufacturing Co. v. Rogers, 56 N. Y. Super. Ct. 350.
In Perkins v. Hill, 56 N. Y. 87, it was said that when exceptions are taken to findings of fact and a case is made for the purpose of reviewing those findings, it must be assumed that all the evidence in support of the findings excepted to is inserted in the case. If the party making up the case omits any such evidence, it is the plain duty of the other party to cause to be inserted by amendment the evidence which he deems material to sustain the findings excepted to. This case was cited with approval by the same court in Porter v. Smith, 107 N. Y. 531, in which it was said, that under the new Code forbidding exceptions to findings of fact the respondent gets no warning or notice of an intention to review questions of fact unless the case certifies that all the evidence has been included. If it so certifies, the respondent must look to it that nothing which he deems essential is omitted; but if it does not so cer *100 tify he is not in fault for supposing that questions of law only are intended to be reviewed and omitting to load the case with needless proof.
I think, under these decisions, it must be taken for granted that the case presented by the appellant did contain all of the material evidence that had been given on the trial. It so contained all the material evidence because the respondent had not seen fit to call the attention of the trial judge to any material evidence that had been left out. Such being the case, the appellant was entitled as of strict right to have the certificate in the case, and the order denying the motion was erroneous.
The learned judge before whom the case was tried, in his opinion on denying the motion, said, that the amendment striking out the above, certificate was allowed by him because the case on appeal as presented by the defendants did not contain all the evidence, and that his assent to a statement that it did contain all the evidence would have been false. But in this we think he erred. The case did contain all the evidence that had been deemed by counsel for the appellant and by counsel for the respondent material to the issues.
As was said by the Court of Appeals in the New York Rubber Company v. Rothery, 112 N. Y. 596, “ we cannot, of course, dictate to a trial court how a case shall be settled, and we dó not presume to do any such thing in this case. We can only say that, upon the facts appearing as they 'do here, the motion for the resettlement of the case ought to be granted to the end that the question may again be presented to the learned judge so that he may have an opportunity to resettle it in such manner as shall be consistent with the facts,—an opportunity which we are sure none would feel greater pleasure in embracing than the distinguished and learned judge who presided on the trial of this case.” On such resettlement the conn *101 sel for the respondent may, if he be so advised, make the case proposed by the appellant contain all the material evidence in the case. The evidence that was left out can be put in a short space. There is nothing to show that this evidence was left out in bad faith by the appellant. If it were so left out another question would arise.
The order appealed from is reversed, with costs, and the case is sent back to be resettled in accordance with the above opinion.
Sedgwick, Ch. J., and Dugro, J., concurred.