JOHN W. YOUNG, Appellant, *v.* SOPHIA YOUNG, Impleaded, etc., Respondent.

Exceptions taken to the refusal of the court to find in accordance with a request, are properly inserted in the case on appeal (Code Civ. Pro. § 997), and so an order striking them out, where it does not appear that they were not properly taken, is error.

(Argued April 25, 1892; decided May 6, 1892.)

APPEAL from order of the General Term of the Court of Common Pleas for the city and county of New York, made March 10, 1892, which affirmed an order of Special Term denying a motion to re-settle a case.

The trial took place at Special Term, at which plaintiff submitted to the court certain requests for findings of fact and of law, which were refused. On settlement of the case, such requests and refusals to find and the exceptions thereto were struck out.

The following is the opinion in full:

" The plaintiff's exceptions, if duly taken under section 994 of the Code, were properly inserted in the case. (Code, § 997; *French* v. *Powers,* 80 N. Y. 146.) It does not appear that they were not properly taken in the manner and within the time prescribed in section 994. They were directed to be stricken out of the case on the settlement, on the ground that exceptions so taken are not to be inserted in the case, but are brought up in connection with the judgment-roll.

" In this case we think the judge erred. Section 997 seems to be decisive that such exceptions may be inserted in the case. The General Term affirmed the order on the ground that only exceptions properly taken could be incorporated into the case, and that the exceptions inserted by the plaintiff had not been taken in time. This does not appear. We think there is no doubt that the plaintiff, in order to make his exceptions valid, must have conformed to the provisions of section 994, and that if the exceptions were not taken in the manner there provided, they are not valid. If the plaintiff, by mistake or inadvertence, has not conformed his practice to that section, his excep-

tions will fail unless he is relieved under section 724, or in some other way.

" As it stands, the plaintiff is entitled to a reversal of the order, since the ground upon which the General Term proceeded is not supported by any facts appearing in the papers.

" Orders of Special and General Terms reversed and motion to resettle the case granted, with costs."

*E. F. Bullard* for appellant.

*Robert E. Deyo* for respondent.

*Per Curiam* opinion for reversal.
All concur.
Orders reversed and motion granted.