(19 App. Div. 334.)

## OAKSMITH v. BAIRD.

(Supreme Court, Appellate Division, First Department. July 2, 1897.)

**1. MONEY HAD AND RECEIVED—EVIDENCE.**

Where, in a suit against a corporation for advances made, the defense is that the advances have been repaid by labor and materials furnished, and the evidence shows that employés of defendant performed labor on plaintiff's houses and were paid by defendant, but that no credit for such labor was given by plaintiff, a verdict for plaintiff for the full amount of her claim was erroneous.

**2. APPEAL—REVIEW—SETTLED CASE.**

A certificate to the settled case, that "the foregoing case contains all the evidence relating to the matters contained in said case and bill of exceptions," is sufficient to bring up for review on appeal the portion of the cause contained in the settled case.

Appeal from trial term, New York county.

Suit for balance due on account by Frances W. Oaksmith against Matthew Baird. From a judgment for plaintiff, and an order refusing a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Joseph Fettretch, for appellant.
George C. Comstock, for respondent.

VAN BRUNT, P. J. This action was brought to recover an alleged balance due to the plaintiff on account of advances made by her to the Sargent Granite Company, a domestic corporation, for which the defendant became liable by reason of the failure of said company to file an annual report; the said defendant being a trustee of the corporation. The answer admitted the incorporation of the Sargent Granite Company, and denied the other allegations of the complaint, and, for an affirmative defense, set up that the Sargent Granite Company furnished to the plaintiff, during the period in question, labor and materials in value equal to the amount loaned by her to the company, and that thus her loans to the company had been paid. Upon the trial all claims subsequent to the 16th of April, 1892, were stricken out; it appearing that the defendant had ceased to be a trustee of the company on said date. The jury found a verdict for the plaintiff, and from the judgment thereupon entered, and from an order denying a motion for a new trial, this appeal is taken.

It appeared from the evidence in the case that the plaintiff was the mother-in-law of Francis E. Sargent, another director of the Sargent Granite Company, and resided with him. Sargent was also superintendent and manager of the company at its quarries at Mt. Haegen, in the state of Maine. The plaintiff claimed that between the 29th of June, 1891, and the 16th of April, 1892, she gave to Sargent, for the use of the company, or expended at his request, certain moneys, for the benefit of the company, amounting to the sum of $1,082.89; and she admitted payments which aggregated either $338.38 or $358.38. It is exceedingly difficult, upon an examination of the record in this case, to determine exactly what the true state of affairs was as to the

accounts between the plaintiff and the company in reference to the work done for her by men employed by the company, and who were upon its pay rolls. The plaintiff, by her son-in-law, was constructing certain houses in the vicinity of the quarries of the company. The work upon these houses was all done by employés of the company, and the time occupied therein was, to a very large extent, included in the pay rolls which were paid by the company; and the difficulty in the determination of the rights of the parties arises from the informal way in which these accounts were kept, and the want of definite distinction between the time when these men were working for the plaintiff and the time when they were working for the company. There seem, however, to be a few salient features and conceded facts in the case which tend to show that the verdict of the jury was, beyond question, excessive. There was also evidence tending to show that much work was done upon the houses of the plaintiff for which no credit whatever was given to the company. The witness West testified to having worked a considerable length of time in getting out the trim for these houses, and in superintending the work done. In the credits which were given for work done by the employés of the company, no credit is given in the plaintiff's accounts for the time expended by West upon these houses. It is true that Sargent swears that West did not get out any of the trim, but he does say that West superintended the work, and there is no allowance whatever therefor. The same is true of some of the other workmen who were employed by the company, and an analysis of the evidence of Sargent shows conclusively that proper credit was not given for the work which was concededly done upon these houses by the servants of the company. The plaintiff gives credit for labor, $338.38. Sargent admits that the cost of the work done upon the cellars of the houses was $168.78, leaving a balance for carpenter work of $169.60, but in another place he swears that the value of the carpenter work was $175 a house, aggregating $350; thus making a discrepancy of $180.40, or, deducting the sum of $20, a difference in the credits, $160.40. No explanation whatever of this discrepancy is furnished, and it is manifest that proper consideration of this evidence was not given by the jury. In view of the relations between Sargent, the company, and the plaintiff, it is apparent that it was the duty of the plaintiff to explain and make clear these questions. The son-in-law of the plaintiff was using the employés of the corporation of which he was a director for the purpose of doing work upon the houses which his mother-in-law was building. He had charge of their construction, and it was his duty, as against the corporation, to have kept true and just accounts, so that the rights of the parties might be intelligently and definitely settled. This he utterly failed to do, as these accounts were kept in the greatest confusion, and there being nothing which clearly distinguishes the time spent by the employés of the company in working for his mother-in-law and the time spent by them in working for the company. It seems to us, upon an examination of this record, that the defendant has not received the credits to which he was entitled, and that work was done by the employés of the company, both as carpenters and stonecutters, for which no credit whatever was given. There is also some evidence

that there was a mingling of materials, but upon that point the proof is not satisfactory.

A question is made in regard to the form of the certificate on appeal. It is claimed upon the part of the respondent that the certificate is not sufficient to entitle the court to look into the facts. The certificate reads, "The foregoing case contains all the evidence relating to the matters contained in said case and bill of exceptions." It seems to us that this certificate is sufficient. If the case contains all the evidence relating to the matters contained in the case, which are necessarily the only ones that can be considered here, it is a compliance with the rule. It is not necessary that the case should contain all the evidence taken on the trial when only a portion of the cause of action or of the defenses litigated on the trial is brought up for review.

Upon the whole case, therefore, it would seem that the proper credits were not given, and that the verdict was excessive. The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(19 App. Div. 411.)

In re SLOANE'S ESTATE.

(Supreme Court, Appellate Division, First Department. July 2, 1897.)

Appeal from surrogate's court, New York county.

Appeals by both the comptroller and the legatee, Yale College, from an order of the surrogate in the matter of the appraisal of the property of Thomas C. Sloane, deceased, under the transfer act. Order affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.