(45 Misc. Rep. 62.)

### UNDERWOOD et al. v. GREENWICH INS. CO.

(Supreme Court, Special Term, New York County. September Term, 1904.)

**1. REFEREE—REPORT—EXCEPTIONS—STRIKING OUT.**

At the time the report of a referee appointed to hear and determine the issues was filed, August 2, 1904, there was no Code provision requiring a referee to indorse his refusal or assent to the findings of fact and conclusions of law submitted by the attorneys of respective parties. August 10th exceptions to the referee's report were filed by the defendant, which instrument recited that defendant excepted to the refusal of the referee to pass on 56 findings of fact and 7 conclusions of law proposed by the defendant. Plaintiff moved at Special Term to strike out such exceptions, before any judgment had been entered, and before any appeal had been taken, and before any proposed case had been offered for settlement. *Held* that, though defendant was not entitled to file the exceptions in question, the application to strike out the exceptions was premature; plaintiff's remedy being at the time of the settlement of the case on appeal.

Action by William J. Underwood and another against the Greenwich Insurance Company. Motion to strike out exceptions to referee's report. Denied.

See 66 N. Y. Supp. 651, 73 N. Y. Supp. 251.

Richards & Heald, for plaintiffs.
Robinson, Biddle & Ward, for defendant.

CLARKE, J. This case was tried before a referee, whose report was filed August 2, 1904. At that time there was no provision of the Code which required a referee to indorse upon the proposed findings of fact and conclusions of law submitted to him by the attorneys for the respective parties his assent or refusal. Section 1023 of the Code, prior to its amendment by chapter 688 of the laws of 1894, made it compulsory upon a referee to either find proposed findings submitted to him, or refuse to find them, and exception could be duly taken. On August 10th the defendant filed a paper with the clerk entitled, "Exception to Referee's Report." This paper, after stating numerous exceptions to what the referee did find, proceeds, "The defendant also excepts to the omission and refusal of the referee to find and report as facts each and all of the following findings of facts proposed to him on behalf of said defendant," and thereon follow 56 proposed findings of facts and 7 conclusions of law. No judgment has yet been entered on the decision, no appeal has been taken, and no proposed case on appeal has been offered for settlement, or even served. This is a motion made at Special Term, Part 1, for an order striking out of the exceptions as filed all of those above alluded to as taken to failures to find proposed findings of fact and conclusions of law. While I am inclined to think that, as the practice was established at the time of the filing of the decision, there was no obligation upon the referee to pass upon these proposed findings and conclusions, and hence no exception could be taken to his failure or refusal to act thereon (Lazarus v. Metropolitan El. R. Co., 145 N. Y. 581, 40 N. E. 240), the question before me is

whether the court at Special Term has power to grant the relief claimed. The General Term, in Hincks v. Field (Sup.) 14 N. Y. Supp. 247, said:

"Without expressing any opinion upon the necessity of entering an exception to a refusal to find until upon the making up of a case or exceptions upon appeal, it is sufficient to say we find the exception in the case, and we cannot disregard it. If the party was dissatisfied with the appearance of the exception in the case, he should have moved to have had the case resettled or amended in that regard, if he was entitled ·to have the exception stricken out."

Section 994 prescribes:

"Where an issue of fact is tried by a referee * * * an exception to a ruling, upon a question of law, made after the cause is finally submitted must be taken, by filing a notice of the exception in the clerk's office. * * * If the notice of exception is filed before the entry of final judgment, it must be inserted in the judgment-roll; if afterwards, it must be annexed to the judgment-roll. In either case, it constitutes a part of the papers, upon which an appeal from the judgment must be heard."

Section 997 provides for the making of a case and exceptions. Young v. Young, 133 N. Y. 626, 30 N. E. 1012, is authority for the proposition that exceptions duly taken under section 994 may, under section 997, be inserted in the case. Therefore, while it seems to me that defendant is not entitled to the exceptions alluded to, the plaintiff must apply for his remedy on the settlement of the case, as indicated by the General Term, and the application to the court at this time is premature.

Motion denied.