Julius Weissglass, Appellant, v. Susie Scott Hall and Bolton Hall, Respondents.—Judgment affirmed, with costs. No opinion. Hirschberg, P. J., Jenks, Burr, Rich and Carr, JJ., concurred.

William Wesche, Respondent, v. Herman Wilkens, Appellant.— Judgment of the Municipal Court affirmed, with costs. No opinion. Hirschberg, P. J., Woodward, Thomas, Rich and Carr, JJ., concurred.

Sampson J. Wilson, Respondent, v. Berish Stein and Others, Defendants, Impleaded with Michael Stein and Israel H. Weldt, Appellants.— Order affirmed, with ten dollars costs and disbursements. No opinion. Woodward, Jenks, Burr, Thomas and Carr, JJ., concurred.

Henry J. Wirth, Respondent, v. Moses Cohen, Appellant.— Judgment of the Municipal Court affirmed, with costs. No opinion. Hirschberg, P. J. Woodward, Thomas, Rich and Carr, JJ., concurred.

Percival J. Woods, Respondent, v. Luke A. Burke & Sons Company, Appellant.— Judgment of the Municipal Court unanimously affirmed, with costs. No opinion. Present — Jenks, Burr, Thomas, Rich and Carr, JJ.

Blanche Yovin, Respondent, v. Cyrus S. King, as Administrator, etc., of Charles G. G. King, Deceased, Appellant.— Judgment and order affirmed, with costs. No opinion. Hirschberg, P. J., Woodward, Thomas, Rich and Carr, JJ., concurred.

---

THIRD DEPARTMENT, MAY, 1910.

WILLIAM A. TRUMBLEY, Respondent, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Appeal — record.*

PER CURIAM: We have heretofore granted the defendant leave to apply to the trial justice for a resettlement of the case so as to have it appear by proper certificate that it contains all the evidence and proceedings on the trial. (See 136 App. Div. 935.) It is not our province to suggest to the learned trial justice what evidence shall be inserted in the case or omitted therefrom. That is solely his function. But we think he should settle the case in such a way that he can

make such certificate and that the parties are as a matter·of right entitled thereto. Until such certificate is made the case is not in readiness for reargument.· The motion for postponement of the argument is, therefore, granted. Motion to strike case from calendar granted.