(92 Misc. Rep. 47)

BALCH et al. v. FINK et al.

(Supreme Court, Special Term, Oneida County.   October 30, 1915.)

APPEAL AND ERROR ⬦⟳515—RECORD ON APPEAL—CONTENTS.
    Under Code Civ. Proc. § 997, providing that a case on appeal shall contain so much of the evidence and other proceedings upon the trial as is material to the questions to be raised thereby, and under General Rules of Practice No. 34, pursuant thereto, requiring all the evidence to be included in a case and exceptions by question and answer, only so much of the evidence as is material need be included, so that a motion to dismiss on ground of failure to comply with the rule, where all the evidence is not included, but the material portions are, will be denied.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2322–2325; Dec. Dig. ⬦⟳515.]

Action by Orville Balch and others against Lillian E. Fink and others.   On motion to dismiss an appeal for failure to serve a sufficient case on appeal.   Motion denied.

P. H. Fitzgerald and Edward L. Smith, both of Utica, for the motion.

Henry F. & James Coupe, of Utica, opposed.

⬦⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DE ANGELIS, J.   The attorneys for the appellants served upon the attorney for the respondents on the 30th day of September, 1915, a proposed case containing a large portion of the evidence, and such as was proposed appeared *by question and answer*.   The attorney for the respondents retained such proposed case until the 14th day of October, and then attempted to return the same to the attorneys for the appellants upon the alleged ground that the same failed to comply with general rule 34, in that it did not contain all the evidence by question and answer, the rulings of the court, and the exceptions of all parties to the record, and did not contain the substantial and material portion of the evidence supporting or tending to support the allegations of the complaint.   The attorneys for the appellants declined to accept the return of the proposed case.   The time for proposing amendments to the proposed case having expired, and the attorneys for the appellants claiming the right to have the case treated as settled under the rule to that effect, this motion was made.   The moving papers were served not earlier than October 23, 1915, that being the date of one of the affidavits.

The respondents take the position that general rule 34, as amended in 1913, required the appellants to propose a case containing *all the evidence* by question and answer, or rather every question propounded to a witness and his answer thereto as disclosed by the stenographer's minutes.   I think that position is based upon a misconception of the effect of the amendment to the rule.   Under the rule as it existed before the amendment, a case was not to contain the evidence in hæc verba, or by question and answer; but the evidence was to be set forth in narrative form, unless otherwise directed by the officer who settled the case.   The rule as amended requires the case to contain the evidence by question and answer, and not in the narrative form. It will be observed that the first paragraph of the rule provides for the service of *a bill of exceptions,* which shall contain only so much of the evidence as is necessary to present the questions of law upon which exceptions were taken on the trial.   In contradistinction to this, the second paragraph of the rule provides that a *case and exceptions* "shall contain all the evidence by question and answer," etc.   It is a mistake to suppose that the convention of judges that adopted the rule as amended intended to place upon appellants the burden of printing large quantities of irrelevant, immaterial, and unnecessary evidence developed by question and answer, that far too frequently appear in our trials.   It is not to be presumed that the convention intended to graft upon section 997 of the Code of Civil Procedure a requirement beyond its plain provisions.   This section of the Code provides that:

"The case must contain so much of the evidence, and other proceedings upon the trial, as is material to the questions to be raised thereby," etc.

In any view of the situation, as the record now stands, the case is settled under general rule 33, because the time to propose amendments thereto under rule 32 has expired.   Possibly, if the appellants had served a clearly inadequate case in bad faith, and the respondents had moved in time, the punishment sought to be imposed by this motion upon the appellants might have been administered; but I think the

case proposed by the appellants was proposed in good faith, and the respondents should have proposed amendments thereto in the usual manner.

The motion must be denied, with $10 costs, and upon payment of the same the respondents may serve amendments to the case within 10 days thereafter.

Ordered accordingly.