JAMES MULROY, Appellant, *v.* LEO TARULLI and Others, Respondents.

First Department, February 6, 1920.

Appeal — inserting in record testimony as to injuries received and circumstances of accident where sole question is as to responsibility of defendant for driver's acts in negligently operating motor truck — motor vehicles — negligence — responsibility of garage owner for negligence of employee in testing repaired motor truck under direction of owners — trial — erroneous nonsuit.

Where, on appeal from a judgment in an action to recover for injuries received in a collision with a motor truck, the sole question is as to the responsibility of the defendant for the acts of the driver, it is not proper practice to insert in the record the testimony as to the injuries received and as to the circumstances under which the accident happened, but the record in that regard should contain a statement merely that evidence was given tending to show that the plaintiff sustained personal injuries as a result of the accident and that the injuries were caused by the negligent operation of the truck and that the plaintiff was free from contributory negligence.

It was error for the trial court to nonsuit the plaintiff in an action to recover for injuries received in a collision between the plaintiff's cab and a motor truck driven by a mechanic in the general employ of the defendant, where it appeared that the owners of the truck, which the defendant had repaired, asked that it be tested out with a load; that the defendant directed the driver to go with the owners; that the driver drove the truck to the point of loading and after the truck was loaded started for the place of business of the owners at their direction, and that on the way the accident happened, as the jury might have found on the evidence that the driver, who was in the general employ of the defendant, was engaged in its business at the time of the accident.

If the driver was sent by the defendant to test the truck then he was engaged in the business of the defendant and it would be liable for his negligence notwithstanding the fact that the owners had authority to direct him where to go for the load and where to take it, and that thus incidentally the truck was engaged in performing work for the owners.

APPEAL by the plaintiff, James Mulroy, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 1st day of November, 1918, upon a dismissal of the complaint by direction of the court at the close of the plaintiff's case.

*Keron F. Dwyer*, for the appellant.

*George J. Schneller*, for the respondent, Thoroughfare Garage Co., Inc.

LAUGHLIN, J.:

The plaintiff, an experienced cab driver, was driving his horse and cab southerly on Queens boulevard on the morning of the 29th of June, 1917, and a commercial truck, owned by the individual defendants, which was being operated by one Coe, a mechanic in the general employ of the defendant company, going northerly on the boulevard, ran into the cab, injuring the plaintiff, and he brought this action to recover for the damages thereby sustained. At the close of the plaintiff's case, the action was discontinued without costs as against the individual defendants, and thereupon the attorney for the defendant company moved for dismissal of the complaint upon the ground that the mechanic who was operating the truck was engaged in the business of the individual defendants at the time of the accident, and the motion was granted.

The operator of the truck evidently lost control of it, for it appears that it first collided with an automobile which was ahead of, and going in the same direction as, the plaintiff, and then headed direct for the plaintiff's cab, which was about 400 feet away, and the operator of the truck shouted to the plaintiff, who, however, was unable to avoid the collision. It requires no argument to demonstrate that the jury would have been warranted in finding that the mechanic who was operating the truck was negligent, and the only ground on which the attorney for the respondent attempts to sustain the judgment is that the respondent company is not liable for his negligence. The record contains the testimony of the plaintiff, and the testimony of a physician and surgeon with respect to the injuries he sustained. That was entirely unnecessary, and there should have been inserted in the record instead a statement that evidence was given tending to show that the plaintiff sustained personal injuries as a result of the collision. The case for review should also have been further shortened by eliminating plaintiff's testimony with respect to the circumstances under which the accident happened, and substituting therefor a statement that the evidence tended to

show that the plaintiff's injuries were caused by the negligent operation of the truck and that the plaintiff was free from contributory negligence.

The point with respect to who is responsible for the negligence of the mechanic in operating the truck depends upon the evidence given by defendant Vito Tarulli, who was on the truck at the time of the accident. He testified that he and his brother, the other defendant, were engaged in the ice business; that about two months before the accident they bought the chassis, an Alco truck, of the defendant company, and a month or so after, they bought the motor, an Oldsmobile, through the defendant company and employed the company to put them together; that the truck weighed three and one-half tons and was about eighteen feet long and six feet wide, and that the sides of the body of the truck were about five feet high; that neither he nor his brother knew how to operate an automobile or autotruck; that the day before the accident, one Muller, the treasurer of the defendant company, informed him that the truck was ready, and he responded that he " wanted to see how it goes; " that the truck was then driven empty about ten blocks, after 'which he stated to Muller, in effect, that the test with the truck empty was not satisfactory and that " we want to try it with a load of ice," to which Muller assented and directed Coe, the mechanic, who had put the truck together, to go with them the next morning to Richmond Hill to get a load of ice, and directed Coe to take his box of tools along, and the next morning they started accordingly, Coe driving the truck and taking his box of tools on it; that they loaded four and one-half tons of ice on the truck; that he directed the mechanic where to go for the ice, and when the truck was loaded he directed the mechanic to take it to Astoria at the place of business of the individual defendants, and the accident happened on the way; that they paid separately for the chassis and the motor when they bought them; that after buying the chassis and before buying the motor, another brother of his with an auto hauled the chassis over to Corona to have the body cut down, and then they brought it back to the defendant company's garage to have the motor put in. On this testimony, it is quite clear that the jury would have been warranted in finding that Coe, who was in

the general employ of the defendant company, was engaged in its business in operating the truck at the time of the accident, for the truck was being tested to enable the individual defendants, who had employed the garage company to put it together, to determine whether they were satisfied with the work which they had employed the company to perform. If, as the jury might have found on the evidence, Coe, who was in the general employ of the defendant company, was sent by it to test the truck for it in order to determine whether the work which it had undertaken to do on the truck had been properly done, then he was engaged in the business of the defendant company and it would be liable for his negligence, notwithstanding the fact that the individual defendants had authority to direct him where to go for the ice and with it, and that thus incidentally the truck was engaged in performing work for the individual defendants. (*Wright S. E. Works* v. *Lawrence Cement Co.*, 167 N. Y. 444; *Kellogg* v. *Church Charity Foundation*, 203 id. 191; *Potts* v. *Pardee*, 220 id. 431; *Matter of Dale* v. *Saunders Bros.*, 218 id. 59; *Hartell* v. *Simonson & Son Co.*, Id. 345; *Auchincloss* v. *U. S. Fidelity & Guaranty Co.*, 190 App. Div. 6, and cases cited.) It follows, therefore, that the court erred in nonsuiting the plaintiff, and that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Judgment reversed and a new trial ordered, with costs to appellant to abide event.