WILLIAM S. LEEDS, Appellant, *v.* MARY E. JOYCE (or FREEDLEY), Also Known as MAY E. JOYCE and MAY J. LEEDS, Respondent.

First Department, March 3, 1922.

Appeal — case on appeal — amendment of case to include exhibits and also judge's certificate that case contains all evidence.

The plaintiff on an appeal from a judgment in favor of the defendant dismissing the complaint on the merits in an action to annul his marriage is entitled to have the case on appeal amended to include exhibits introduced in evidence on the jury trial of stated issues where the defendant has been permitted to amend the case to introduce the other evidence taken on the trial.

The plaintiff is also entitled to have the case amended by including a certificate of the trial judge that the case as settled contains all the evidence, for, without such a certificate, he cannot have the facts reviewed on appeal.

APPEAL by the plaintiff, William S. Leeds, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of January, 1922, denying the plaintiff's motion to amend or resettle the case on appeal from a final judgment.

*Frayer, Alden & Ehrhardt [Eugene Frayer* of counsel], for the appellant.

*Henry L. Schaefer [Jacob J. Aronson* of counsel], for the respondent.

PAGE, J.:

The action was brought to annul the marriage on the ground that the defendant at the time she contracted the marriage with the plaintiff was married to another man from whom she had not been finally divorced.

The issues were settled for trial by a jury, and a verdict rendered thereon in favor of the plaintiff, to the effect that at the time of the marriage in question the defendant's former husband was living and that his marriage to the defendant had not been annulled or dissolved. The defendant was thereafter permitted to amend her answer and set up as a new and distinct defense an alleged subsequent common-law marriage between the parties, on condition that the amendment should be without prejudice to the proceedings already had; that the verdict already rendered on the issues should stand with the same force and effect as if no amendment had been made, and that no retrial of those issues be asked for or had. Thereafter, all the remaining issues were brought on for trial before a justice at Special Term. He rendered a decision directing judgment in favor of the defendant dismissing the complaint on the merits.

A proposed case was prepared and served on behalf of the plaintiff containing all the evidence given on the trial before the justice at Special Term, including the verdict rendered by the jury. Amendments to such proposed case were propounded on behalf of the defendant which included all the testimony taken on the jury trial. The justice indorsed on the amendments his allowance or disallowance thereof and marked the case settled. Thereafter, before the case had been signed by the trial justice and filed or any further steps taken by either party, the plaintiff made a motion for a resettlement or amendment of the case. The resettlement desired was twofold: (1) To insert in the case the usual statement that it contained all the evidence introduced upon the trial which appellant's attorney had inadvertently omitted from the proposed case when prepared and served; (2) to insert in the case along with the testimony taken on the trial before the jury the exhibits also received in evidence on such trial.

On the trial of the case the only portion of the record of the trial before the jury that was offered in evidence was the verdict of the jury. The justice denied the motion to include the exhibits and to amend by inserting the statement that the case contained all the evidence taken upon the trial. If it was proper to include

in the case on appeal the testimony taken, the exhibits to which the testimony referred, which were a part of the evidence, should have been included. Unless the statement is contained in the case on appeal that it contained all the evidence, the plaintiff will be unable to review the facts on the appeal. Therefore, it is a substantial right that this certificate should be included, and if the case as settled does not contain all the evidence, it is the duty of the justice to settle the case in such a way that he can make such a certificate. (*Trumbley* v. *N. Y. C. & H. R. R. R. Co.*, 138 App. Div. 928, 929.)

The order will be reversed and the case remitted to the trial judge to be resettled in accordance with this opinion.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order reversed and the case remitted to the trial justice to be resettled in accordance with opinion.