ROSE DERBY, as Administratrix, etc., of SAMUEL DERBY, Deceased, Respondent, *v.* GENERAL ELECTRIC COMPANY, Appellant, Impleaded with TONAWANDA POWER COMPANY, Defendant.

Fourth Department, March 19, 1924.

Appeal — case on appeal to Appellate Division not required to contain record of everything that occurred at trial — Civil Practice Act, §§ 575, 576, and Rules of Civil Practice, rules 230, 232, construed and applied — case should contain only such testimony as is material to question to be presented on appeal with statement of reason for any omission — on review of question of fact such testimony only as relates thereto should be presented — sufficiency of certificate by trial judge — duty of trial judge to see that case contains only testimony material to questions raised — bill of exceptions has advantages over case where only questions of law are presented.

On appeal to the Appellate Division the case should, under sections 575 and 576 of the Civil Practice Act and rules 230 and 232 of the Rules of Civil Practice, contain only such testimony as is material to the questions to be raised on appeal, and if a part of the testimony is omitted the case should contain a statement of the reason for the omission.

This rule applies in cases where the appellant desires to review questions of fact upon appeal, and unless he desires to review all questions of fact involved in the action, there is no necessity for printing all of the testimony. A brief statement should take the place of testimony upon the questions of fact which the appellant does not desire to review.

The requirement, that where the appellant desires to review questions of fact the case must contain a certificate made by the trial judge or referee that the case contains all the evidence, does not mean that the trial judge must sign a certificate stating that the case, in fact, contains every word of testimony given upon the trial, and where the questions raised do not require a consideration of all the testimony, and the case prepared does not purport to set out all the testimony taken, a certificate to the effect that the case contains all

34

the evidence on the issues to be raised on appeal will be sufficient to permit a review of such questions upon the facts.

Upon the settlement of a case, it is the duty of the trial judge to see that the case contains only testimony "material to the questions to be raised thereby" as provided in section 576 of the Civil Practice Act.

A bill of exceptions has advantages over a case where only questions of law are presented.

APPEAL by the defendant, General Electric Company, from an order of the Supreme Court, made at chambers in the county of Erie and entered in the office of the clerk of the county of Niagara on the 10th day of December, 1923, denying its motion for an order settling the case upon appeal and directing that the case be settled to contain all of the stenographer's minutes of trial except the summation of counsel.

*Moot, Sprague, Brownell & Marcy* [*Welles V. Moot* of counsel], for the appellant.

*Hamilton Ward,* for the respondent.

HUBBS, P. J.:

The order appealed from directed that the case upon appeal should contain all of the stenographer's minutes taken upon the trial. It is the contention of the appellant that certain testimony should be omitted from the record on appeal, as unnecessary for the determination of the question sought to be reviewed.

The order must be affirmed, as the question was not presented to the Special Term in such form as to permit the court to grant the relief sought.

Great confusion exists in regard to the preparation of cases on appeal. Large amounts of money are wasted and needless burdens are placed upon appellate courts, by printing large masses of unnecessary matter in appeal books. An impression seems to prevail that a case on appeal must contain a record of everything that occurred during the trial. In fact the usual practice is to print everything contained in the stenographer's minutes.

Rule 232 of the Rules of Civil Practice reads: "A case shall contain all the evidence by question and answer, the rulings of the court and the exceptions of all parties to the record." The same language was contained in rule 34 of the old General Rules of Practice. That rule was based upon section 997 of the Code of Civil Procedure. The new rule is founded upon sections 575 and 576 of the Civil Practice Act. Section 575 provides for making a case and section 576, so far as material, reads: "A case * * * must contain so much of the evidence and other proceedings upon the trial as is material to the questions to be raised thereby." Section 997 of the Code of Civil Procedure contained the same language.

Rule 232 of the Rules of Civil Practice means that all the evidence printed shall be by question and answer but it does not mean that the appellant must necessarily print, by question and answer, all the testimony given upon the trial. Rule 230 of the Rules of Civil Practice, which is also founded upon sections 575 and 576 of the Civil Practice Act, also contains a provision of great importance which reads: " With the approval of the judge, the parties may agree on the facts proven to be inserted in the case or bill of exceptions, instead of the testimony." This provision in slightly different phraseology was also contained in rule 32 of the former General Rules of Practice. The rules referred to were never intended to require the printing of all the testimony by question and answer. (*Renwick* v. *N. Y. El. R. Co.*, 13 N. Y. Supp. 600; *Balch* v. *Fink*, 92 Misc. Rep. 47; *Mulroy* v. *Tarulli*, 190 App. Div. 637.)

The appellant should serve upon the respondent a proposed case containing as much of the testimony as is material to the questions to be presented upon the appeal and he should leave out of the proposed case all testimony not material to the decision of such questions.

The proposed case should also contain a statement to the effect that the testimony left out of the proposed case was omitted because no question is to be presented upon the appeal regarding the matters to which such testimony refers. To illustrate, suppose in a personal injury action where the jury has found a verdict for the plaintiff, the appellant desires to review upon appeal the question whether or not the person whose negligent act caused the plaintiff's injury was a person for whose negligent act the defendant is liable. In such a case there would be no necessity of printing the testimony which was introduced to establish negligence, freedom from contributory negligence, the extent of the injury or the testimony upon the question of damages. A short statement to the effect that the evidence tended to establish that plaintiff's injury was caused by the negligence of the alleged servant of the defendant; that the plaintiff was free from contributory negligence and that the evidence supported the finding of the jury as to the amount of damages would be sufficient. Such a statement with the testimony relating to the defendant's liability for the act of the alleged negligent servant would clearly present the question to the appellate court. Many other illustrations could be given of the manner in which cases on appeal could be very greatly shortened.

The same rule should be applied in cases where the appellant desires to review questions of fact upon appeal. Unless the appellant desires to review all questions of fact involved in a case

there is no necessity for printing all of the testimony. A brief statement should take the place of the testimony upon the questions of fact which the appellant does not desire to review. Such a statement with the testimony upon the questions of fact to be reviewed is all the testimony which should be printed.

In cases where the appellant desires to review questions of fact the case must contain a certificate made by the trial judge or referee that the case contains all the evidence. The appellant will be unable to review the facts on appeal if the case does not contain such a statement. (*Leeds* v. *Joyce*, 200 App. Div. 126; *Lambden* v. *Thompson*, 170 id. 953; *Ceballos* v. *Munson Steamship Line*, 112 id. 352.) The requirement of such a certificate in cases where a review of the facts is desired does not mean that the trial judge must sign a certificate stating that the case in fact contains every word of testimony given upon the trial. Where a case has been prepared as outlined in this opinion, a certificate to the effect that the case contains all the evidence on the issues to be raised on appeal will be sufficient to permit a review upon the facts of such questions. (*Clark* v. *House*, 40 N. Y. St. Repr. 956; *Oaksmith* v. *Baird*, 19 App. Div. 334; *Balch* v. *Fink, supra; Mulroy* v. *Tarulli, supra; Renwick* v. *N. Y. El. R. Co.,* 13 N. Y. Supp. 600.)

After a proposed case has been served, if the respondent desires any change made in the statement or desires to have testimony printed which has been omitted in the proposed case, or any other change made, amendments to the proposed case may be served under rule 230 *et seq.* of the Rules of Civil Practice.

Upon the settlement of a case it is the duty of the trial judge to see that the case contains only testimony "material to the questions to be raised thereby" as provided in section 576 of the Civil Practice Act.

There are often cases where the attorneys can, with the approval of the judge who presided at the trial, prepare a statement of facts to be inserted in the case instead of the testimony, as provided in the last clause of rule 230 of the Rules of Civil Practice.

In many cases, where the appellant desires to raise only questions of law, much expense and labor can be saved by presenting the questions in a bill of exceptions instead of in a case.

The advantages of a bill of exceptions, over a case, where only questions of law are to be presented, are clearly pointed out in the dissenting opinion of Mr. Justice ERLANGER in *Grobert Realty Co., Inc.,* v. *Dorf Bros. & Co., Inc.* (118 Misc. Rep. 856), and the proper practice in preparing a bill of exceptions is fully stated.

The members of the legal profession and the courts are making a diligent effort to simplify practice and reduce the expense of

litigation. In carrying out that laudable purpose careful attention should be given to the preparation of records on appeal. Great progress will be made if the delay and expense of appeals caused by printing useless matter in the records is eliminated and the efficiency of appellate courts will be increased by the removal of the burden imposed in reading immaterial parts of records. Members of the profession and trial judges should co-operate to bring about this much-needed reform in practice.

The order should be affirmed, with ten dollars costs and permission granted to appellant to renew the motion after proceeding in accordance with this opinion.

All concur.

Order affirmed, with ten dollars costs and disbursements.