HARRY L. ALLEN, as Trustee in Bankruptcy of the AMERICAN
RAILWAY BROTHERHOOD ASSOCIATION, INC., Appellant, v. D. M.
RYAN, Respondent.

Fourth Department, November 9, 1926.

Appeal — case on appeal — case may be amended, under Civil Practice
Act, §§ 445 and 576, to include exceptions taken to findings and refusals
to find printed in record but not included in case — certificate of trial
justice that case with exceptions " contains all the evidence necessary
and pertinent to the determination," etc., is insufficient under Rules
of Civil Practice, rule 232.

Plaintiff was entitled, under sections 445 and 576 of the Civil Practice Act, to
have the case and exceptions on file resettled so as to include therein certain
exceptions taken by him to findings of the trial court, and to the court's refusal
to find propositions as requested, which were printed in the record but were
not included in the case.

The certificate of the trial justice that " The foregoing case with exceptions
contains all the evidence necessary and pertinent to the determination of all
of the questions presented on the appeal is hereby settled as above and ordered
to be filed," was insufficient, under rule 232 of the Rules of Civil Practice, since
the justice should have certified simply that the case contained all the evidence.

APPEAL by the plaintiff, Harry L. Allen, as trustee, etc., from
an order of the Supreme Court, made at the Monroe Special Term
and entered in the office of the clerk of the county of Steuben on
the 23d day of July, 1926, denying plaintiff's motion to resettle
the case and exceptions.

*John Griffin,* for the appellant.

*James O. Sebring,* for the respondent.

PER CURIAM. This is an appeal from an order of the Monroe
Special Term denying appellant's motion to amend or resettle the
case and attach thereto a certificate to the effect that the case
contains all the evidence.

The action was brought to recover the balance of an alleged
subscription to capital stock of the American Railway Brotherhood
Association, Inc.

The case was tried by the court without a jury and the court
made certain findings that are printed in the record.

Appellant made certain requests to find which are also printed
with the rulings of the trial justice thereon, but it is the contention
of appellant that exceptions which he claims to have taken to
certain findings of the trial court and to the court's refusal to find
certain propositions as requested by him were not printed. They
are printed in the record but not included in the case.

The appellant is entitled to have them included in the case and covered by the certificate of the justice. (*Young* v. *Young,* 133 N. Y. 626.)

That case construed sections 994 and 997 of the Code of Civil Procedure. Those sections have become sections 445 and 576 of the Civil Practice Act without material change. That case decided that the appellant is entitled to have the exceptions filed by him included in the case on appeal.

Appellant further contends that the certificate of the trial justice at the end of the case is insufficient in that it does not certify that the case contains all the evidence, etc.

The certificate of the trial justice is as follows: " The foregoing case with exceptions contains all the evidence necessary and pertinent to the determination of all of the questions presented on the appeal is hereby settled as above and ordered to be filed." This certificate is insufficient. (Rules Civ. Prac. rule 232; *Leeds* v. *Joyce,* 200 App. Div. 126.)

If the justice finds that all the evidence is not included he can require the attorneys to make additions. If a stipulation is made as pointed out in *Derby* v. *General Electric Co.* (208 App. Div. 529) such stipulation would cover the omitted evidence, and the justice might well certify that such case contained all the evidence.

The order should be reversed, with ten dollars costs and disbursements, and the case remitted to the trial justice to be resettled in accordance with the opinion.

All concur. Present — Hubbs, P. J., Clark, Davis, Sears and Crouch, JJ.

Order reversed, with ten dollars costs and disbursements, and case remitted to the trial justice to be resettled in accordance with the opinion.