In the Matter of the Claim of DELIA COYLE, Appellant, against HOWELL, FIELDS & GODDARD, INC., and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 9, 1930.

*James R. Rosen,* for the appellant.

*E. C. Sherwood,* for the insurance carrier.

PER CURIAM. The motion is to obtain an order of this court dispensing with the necessity of printing the record on appeal from a decision of the State Industrial Board in a workmen's compensation case and directing that the appeal be submitted or argued upon the original papers, exhibits and testimony taken before the referee and State Industrial Board. The ground on which this relief is asked is that the record is very voluminous, the printing of which would cost from $350 to $400 and that such cost is prohibitive to claimant, appellant. This application presents an opportunity to call attention to the lack of necessity for printing such a voluminous record. If there ever existed a reason for the use of the bill of exceptions or an abbreviated case permitted under the old and present practice in appeals, it is found exemplified in appeals in workmen's compensation cases, wherein only questions of law can be presented to this court or to the Court of Appeals. There has been a tremendous waste of money in the printing of such records on appeal and the labor of examining them has been needlessly increased. The Workmen's Compensation Law makes

provision for the assimilation of the practice on appeal to that applicable to civil actions (Workmen's Compensation Law, § 23). In appeals in civil actions the record may be greatly condensed and abbreviated. " With the approval of the judge, the parties may agree on the facts proven to be inserted in the case or bill of exceptions, instead of the testimony." (Rules Civ. Prac. rule 230.) This may be done in compensation cases with the approval of the State Industrial Board. If a bill of exceptions is not practicable or possible, a proposed case should be served upon the respondents containing only so much of the testimony, papers and exhibits comprising the record before the State Industrial Board as is material to the questions to be presented upon the appeal. (Rules Civ. Prac. rule 232; *Derby* v. *General Electric Co.*, 208 App. Div. 529; *Moran* v. *Rainbow Appliance Corporation*, 225 id. 587; *Martin* v. *Donnelly*, 223 id. 353.) (See, also, opinion of ERLANGER, J., in *Grobert Realty Co., Inc.*, v. *Dorf Bros. & Co., Inc.*, 118 Misc. 856.) The foregoing cases present a helpful discussion of the advantages and proper practice to be followed. The attorney for claimant, appellant, in the case should adopt this practice and the carrier's attorney seems to be disposed to co-operate. Indeed, this is the procedure which should be generally adopted in compensation appeals. " All that is required, or indeed, permitted, is so much only thereof [of the evidence and other proceedings on the trial] as is material to the questions to be raised. Nor do the rules necessarily require that what is included shall be by question and answer, for with the approval of the judge the parties may agree on any facts proven, to be inserted instead of the testimony. The substance of the evidence omitted as immaterial may be included in a brief statement. (Rules. Civ. Prac. rule 230.) These rules apply alike to a bill of exceptions and to a case. Neither the one nor the other should contain any more of the evidence and other proceedings on the trial than is material to the questions to be raised." (*Moran* v. *Rainbow Appliance Corporation, supra*, 590.) The right to appeal is a privilege and orderly procedure requires the printing of a record on appeal if a defeated litigant desires to avail herself of that privilege. The motion to dispense with printing should be denied, without costs.

VAN KIRK, P. J., HINMAN, DAVIS, WHITMYER and HILL, JJ., concur.

Motion for leave to dispense with printing of record denied, without costs.