In the Matter of CLARENCE MACCONEL, Respondent, against UNION COAL AND ASH COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, September 26, 1930.

*Ireland, Caverly & Hendrickson,* for the appellants.

*Ainsworth, Sullivan & Archibald,* for the claimant, respondent.

PER CURIAM. The employer and insurance carrier have made a motion in this court for an order permitting them to submit to

this court, on their appeal herein from an award of the State Industrial Board, what they term a " short record as provided for by rule 232 of the Rules of Civil Practice." The ground on which this is asked is that the appellants seek to raise only a question of law on stipulated facts, namely, the power of the State Industrial Board, after the expiration of one year from the date of the accident, to rescind a schedule award for permanent partial disability of a foot and to reclassify the injury as a temporary total disability. (Work. Comp. Law, § 15, subd. 6-a, as added by Laws of 1927, chap. 557; *Matter of Schaefer* v. *Buffalo Steel Car Co.*, 250 N. Y. 507.) The Board has found: " That on the 30th day of March, 1928, an award was made to the claimant for 10% loss of use of his left foot and the case was closed. Such award was based upon medical opinion at that time. That subsequently thereto, it appeared that such medical opinion rendered at that time was incorrect and erroneous and the Board, on its own motion, did restore the case to the calendar, and upon submission of medical proof, it was found that such medical opinion rendered on the aforementioned date was erroneous " and the improper award was rescinded. An award for temporary total disability was made more than one year after the date of the accident and the case was continued. The appellants have offered to stipulate the facts deemed by them to be material to the sole issue raised on this appeal. They do not, however, offer to stipulate for the purposes of this appeal, the facts above quoted as found by the Board. Neither have the claimant's attorneys offered, so far as we know, to stipulate these additional facts. They insist that 101 pages of typewritten testimony be printed, the sole effect of which is to sustain the finding of fact that the claimant's condition has changed or that the Board made a mistake of fact in making the original award. Upon the refusal of the claimant's attorneys to stipulate, the appellants served their proposed abbreviated case on appeal upon the attorneys for the claimant and the State Industrial Board. Thereafter the proposed case on appeal was returned by the attorney for the Board with the information that the attorneys for the claimant had refused to consent to a short record and that, therefore, the proposed case was not acceptable and it would be necessary for the appellants to print the entire record. The appellants then made this motion. It is the function of the Board to approve stipulated facts or to settle a proposed case on appeal. We took occasion to indicate recently that the better practice on these appeals is to abbreviate the records and we pointed out some helpful authorities dealing with the proper practice. (*Matter of*

*Coyle* v. *Howell, Fields & Goddard, Inc.*, 228 App. Div. 388.) We see no occasion for a long record on this appeal. It should be easy to stipulate the material facts. Even the case proposed by the appellants contains much that is immaterial to the single question of law to be raised. This court will not, however, assume to determine what should be omitted from the record or condensed therein. That is the province of the Board, as it is of the trial judge in civil cases, with the co-operation of the parties to the appeal.

The motion should be denied, without costs, and the parties remitted to the Board, there to agree upon or to settle a case or bill of exceptions.

HINMAN, Acting P. J., DAVIS, WHITMYER, HILL and HASBROUCK, JJ., concur.

Motion denied, without costs.