In the Matter of the Application of the VILLAGE OF PELHAM, Respondent, for a Writ of Certiorari to JOHN E. FETZER and Others, as and Constituting the Board of Assessors of the Town of Pelham, Appellants.— The question is whether an assessment of $134,600 for sewer improvements against the village of Pelham, as owner of lands acquired by it and used exclusively for park purposes, or a nominal assessment of one dollar, is proper. Although the Westchester County Sewer Act ■ declares that all land within the district is benefited and subject to assessment, the levy on the park lands in question must be on the basis of their *value*. The public, and not merely residents of the village of Pelham, have an easement in this park. The lands were paid for by a bond issue for park purposes and many of the deeds specify that the lands must be used for park purposes only. They cannot be sold by the village and are inalienable. The value, therefore, is nominal, and the reduction of the assessment to one dollar was proper. The judgment is, therefore, unanimously affirmed, with costs. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.

MARIE KOZELKA, Appellant, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.— Order affirmed, with ten dollars costs and disbursements. Plaintiff appeals from an order of the City Court of White Plains, refusing to settle a proposed bill of exceptions. In our opinion, the order was properly made because no exceptions were taken on the trial to any material error of law and no order was made by the trial court, under section 550 of the Civil Practice Act, directing exceptions to be heard in the first instance by this court. The record presented is not a proper bill of exceptions. If appellant seeks a reversal of the judgment, she must serve a proposed case on appeal and have the same settled by the trial judge. The appellant is not remediless. She may propose and have settled an abridged record containing only so much of the evidence as will permit proper review of the questions she wishes to present on appeal. (Civ. Prac. Act, § 576; Rules Civ. Prac. rules 230, 232, 234; *Derby* v. *General Electric Co.*, 208 App. Div. 529; *Martin* v. *Donnelly*, 223 id. 353; *Moran* v. *Rainbow Appliance Corporation*, 225 id. 587; *Matter of City of Rochester*, 234 id. 647.) Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

BERNICE LANG, an Infant, by JACOB LANG, Her Guardian ad Litem, and JACOB LANG, Respondents, v. CLANWYN HOLDING CORPORATION, Appellant.— In an action to recover damages for personal injuries by the infant plaintiff and by the father to recover for expenses incurred, it appeared that the plaintiff fell from the landing down a stairs in a multiple dwelling house, and it was claimed that the fall was caused by an incumbrance on the landing, consisting of a beach chair and a cloth attached thereto, which was permitted to remain for a considerable period of time with the knowledge of the owner. Judgment for the plaintiffs unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.

OTTO LORENCE, Respondent, v. NANUET LOGGING COMPANY, Appellant.— Judgment in plaintiff's favor for personal injuries and property damages as a result of a collision between plaintiff's automobile and defendant's truck unanimouly affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Davis, JJ.