WRIGHT STEAM ENGINE WORKS, Respondent, *v.* THE LAW-RENCE CEMENT COMPANY, Appellant.

MASTER AND SERVANT — EVIDENCE — ERRONEOUS EXCLUSION OF DECLARATIONS AND INSTRUCTIONS BY SERVANT. Where it is a condition precedent in the contract for the sale of an engine that it shall be erected and running to the satisfaction of the vendee before the balance of the purchase price shall become due, and, as provided therein, a competent mechanic has been furnished to superintend and assist in the erection of the engine, he represents the vendor, and it is within the scope of his authority, after the erection of the engine has been completed, to test its operation, and if while engaged in so doing an injury occurs to the engine caused by his negligence, the vendor is responsible; and in an action against the vendee to recover the balance of the purchase price, to which the defendant has interposed a counterclaim for the amount of damages sustained by an accident to the engine alleged to have been due to the negligence of plaintiff through his servant, the refusal of the trial court to allow proof of the mechanic's declarations and instructions to the defendant's engineer for the purpose of showing that he was in control and management of the engine, and that the accident was due to his directions, upon the ground that he was not plaintiff's servant, and that it was not responsible for his acts, is reversible error.

*Wright Steam Engine Works* v. *Lawrence Cement Co.*, 45 App. Div. 629, reversed.

(Argued May 17, 1901; decided June 11, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 29, 1899, affirming a judgment in favor of plain-

tiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John L. Linson* for appellant. The learned trial judge erred in holding that Law was the servant of the defendant. (*Blake* v. *Ferris*, 5 N. Y. 48 ; *Pack* v. *Mayor, etc.*, 8 N. Y. 222 ; *Kelly* v. *Mayor, etc.*, 11 N. Y. 432 ; *McCafferty* v. *S. D. & P. M. R. R. Co.*, 61 N. Y. 178 ; *Hexamer* v. *Webb*, 101 N. Y. 377 ; *Butler* v. *Townsend*, 126 N. Y. 105 ; *Berg* v. *Parsons*, 156 N. Y. 109 ; Wood on Mast. & Serv. § 137 ; *Michael* v. *Stanton*, 3 Hun, 462 ; *Sherwood* v. *Fischer*, 3 Hun, 606 ; *Huff* v. *Ford*, 126 Mass. 24.) The court erred in receiving certain evidence and in rejecting other evidence offered. (*Bossout* v. *R., W. & O. R. R. Co.*, 10 N. Y. Supp. 602 ; 126 N. Y. 646 ; *McMarshall* v. *C., R. I. & P. R. Co.*, 80 Iowa, 757 ; 1 Greenl. on Ev. §§ 297–300 ; *Streppone* v. *Lennon*, 143 N. Y. 626 ; *Fish* v. *Hubbard*, 21 Wend. 651 ; *Sargent* v. *Adams*, 3 Gray, 72 ; *Greenwood* v. *Marvin*, 111 N. Y. 423.)

*William G. McCrea* for respondent. The title to the engine passed to the vendee on its arrival at Kingston with the right or option on its part only to return in the event of fraud or its not being of the character ordered, and the plaintiff lost all control of the same. (*P. I. Works* v. *L. I. R. R. Co.*, 62 N. Y. 272 ; *W. S. P. Co.* v. *Green*, 72 N. Y. 17 ; *Hayden* v. *Demets*, 53 N. Y. 426 ; *Higgins* v. *Murray*, 73 N. Y. 252 ; *Krulder* v. *Ellison*, 47 N. Y. 36 ; *Glen* v. *Whitaker*, 51 Barb. 451 ; *Hubbard* v. *O'Brien*, 8 Hun, 244 ; *Morey* v. *Medbury*, 10 Hun, 540 ; *Wyllie* v. *Palmer*, 137 N. Y. 248 ; *McInerney* v. *D. & H. C. Co.*, 151 N. Y. 411.)

Cullen, J. The parties entered into the following written contract :

"Newburgh, N. Y., *October* 21, 1896.

" The Lawrence Cement Company, No. 1 Broadway, N. Y. :

" Gentlemen.— We propose to furnish you one horizontal Wright non-condensing, automatic cut-off steam engine, hav-

56

ing a cylinder of 56 inches bore and a stroke of 48 inches."
(Here follows a detailed statement of the various parts of the
engine, their sizes, capacity and character.) "We will fur-
nish the services of one competent mechanic to superintend
and assist in erecting at the rate of no charge per day of
nine hours and traveling expenses, you to pay board of man
while at your mill. * * * Total weight in shipping order
about 119,246. Price of above specified machinery f. o. b.
cars Kingston, N. Y., Six thousand seven hundred ($6,700)
dollars. Engine to be delivered by Feb. 1, 1897. Terms:
One-half of full amount when engine is delivered, and balance
when engine is erected and running to satisfaction of officers
of Lawrence Cement Co., 30 days.

"WRIGHT STEAM ENGINE WORKS,
                    "Per Jas. K. Wright."

"We accept the above proposal as specified and at price
named. The engine to be built subject to the approval of
Mr. James K. Wright.

"LAWRENCE CEMENT COMPANY,
              "Ernest R. Ackerman, *President*."

Under this contract the plaintiff delivered the engine and
shafting at Kingston about March 13th, 1897, and sent one
Richard Law, a machinist or engineer in its employ, to super-
vise its erection. The engine was a high pressure engine and
was to be connected with a low pressure engine, then in the
defendant's mill, through what is called a steam chest, thus
making the appliance a compound engine. By Saturday,
April 3rd, the engine and shafting had been set up and the
connections made with the old engine. Steam was turned on
and the engine run that day. Law returned to the defend-
ant's mill Monday morning and the engine was again started.
After a few moments the steam chest exploded, killing Law
and one of the defendant's workmen. Thereafter the plain-
tiff furnished a new steam chest and repaired or replaced
the other parts of the machinery injured by the explosion.
This action was brought to recover the unpaid installment of

the contract price of the engine and shafting and the value of the new material and work furnished in repair or replacement of the damaged machinery. The defendant answered denying that the plaintiff had fulfilled its contract and pleading as a counterclaim the damages suffered by the explosion which it charged was due to the negligence of the plaintiff through its servant, Law. So far as this appeal is concerned, the only question is as to who was responsible for the explosion. The cause of the explosion seems to be conceded. It was occasioned by the accumulation in the steam chest of steam received from the high pressure engine. This accumulation, in turn, was caused by the failure of the valves between the steam chest and the low pressure engine to act, due to the fact that a rod which held the valve gear in place was detached from the pin to which it should have been secured. Thus ultimately the explosion was caused by running the engine with the rod detached. One Rose, the defendant's engineer, was present on Saturday and Monday, and took part in the operation of the engine. The defendant sought to show that Law was in control and management of the engine and that the condition of the rod was due to directions from Law. For this purpose it offered to prove the declarations of Law and the instructions given by him to Rose. This evidence was excluded and the defendant excepted. The learned Trial Term held that Law in running or operating the engine was not the servant of the plaintiff and that the latter was not responsible for his acts, and it is the correctness of this ruling that is presented to us for review.

The first question arises on the construction of the written contract between the parties. That contract provided that the plaintiff should " furnish the services of one competent mechanic to superintend and assist in erecting at the rate of no charge per day of nine hours and traveling expenses, you to pay board of man while at your mill." The respondent insists that the plaintiff's contract was fully performed when it had delivered the engine and connections at Kingston and furnished a competent mechanic to superintend its erection;

that the title to the engine then passed to the defendant; and that with the subsequent fate of the machinery and with the conduct of the mechanic in supervising its erection the plaintiff had no concern. If we admit that title passed on the delivery of the engine at Kingston, still the remainder of the respondent's contention does not follow. The second half of the purchase price was not payable until the engine was erected and running to the satisfaction of the officers of the defendant for thirty days. We need not discuss what would have been the respective rights of the parties had the engine been destroyed without the fault of either party prior to its erection, or before it had been in satisfactory operation for the prescribed period. As long as the engine was in existence it was a condition precedent to the right of the plaintiff to the unpaid purchase money that the engine should be erected and running satisfactorily unless, of course, the defendant in some way prevented it. It was, therefore, incumbent upon the plaintiff to accomplish this result, and when it agreed to furnish a competent mechanic to superintend and assist in the erection of the machinery, it agreed to furnish that mechanic as its agent to discharge the duty that necessarily rested upon itself.

It is further contended by the respondent that even if Law be deemed to have been the servant of the plaintiff in superintending the erection of the engine, still that the relation ceased when the erection of the engine was completed, and that in running or operating the engine he did not represent the plaintiff. We concede that the plaintiff was not bound to run the engine for the prescribed period of thirty days, but it does not follow that Law was not authorized to run the engine at all. In supplying and erecting machinery of this character, especially where the right to compensation depends on the successful operation of the machine, we think there exists, if not the duty, at least the right in the party furnishing the machinery to test its operation. (*Olive* v. *Whitney Marble Co.*, 103 N. Y. 292.) It was within the scope of Law's employment that after erecting the engine and connections he

should subject them to the test of actual operation to discover defects, if there were any, in order that he might repair or obviate them, if discovered. The defendant should have been allowed to prove what took place between Law and its engineer, Rose, in reference to starting and running the engine. If it had appeared that Law at the time was engaged in testing the machinery in order to see that his work had been properly done, that he controlled the operation of the engine, and that in such operation it was his negligence that caused the explosion, then for the consequences of that explosion the plaintiff was responsible. If, on the other hand, Law was engaged in running the engine for the convenience of the defendant, or in fact he did not control its operation, or it was not his negligence that caused the explosion, then the plaintiff was not liable. If the evidence on these matters was conflicting, or the subject of conflicting inferences, the questions should have been submitted to the jury under proper instructions from the court.

The judgment should be reversed and a new trial granted, costs to abide the event.

PARKER, Ch. J., GRAY, O'BRIEN and WERNER, JJ., concur; MARTIN, J., not voting; LANDON, J., not sitting.

Judgment reversed, etc.