JOHN J. CASEY, as Administrator of the Estate of ANNA L. CASEY, Deceased, Appellant, v. THE DAVIS & FURBER MACHINE COMPANY, Respondent.

Negligence — injury caused by act of employee of one company while assisting employees of another company in regulating a machine belonging thereto — liability of first company for act of such employee — when question of fact for jury.

An employee of a company engaged in installing a carding machine in the factory of a woolen milling company assisted the employees of the milling company in adjusting another machine, not furnished by his employers but used as a feeder for the carding machine, and in so doing dropped a heavy iron ball which rolled

through a hole in the floor and injured a woman, working for the milling company, on the floor below so that she died from such injury. In an action brought against the company, installing the machinery, to recover for the woman's death the trial court dismissed the complaint. *Held*, upon examination of the evidence, that the trial court should not have decided as a matter of law that the workman who dropped the ball was not then acting as the servant of the defendant; that the liability of the defendant depends on the scope of the workman's employment, the intent with which he assisted in adjusting the feeding machine, and whether, under the circumstances, this act was one he was justified in doing on his master's behalf, and that these were questions for the jury.

*Casey* v. *Davis & Furber Machine Co.*, 149 App. Div. 423, reversed.

(Argued May 20, 1913; decided June 3, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 18, 1912, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Stewart Hancock* for appellant. The nonsuit granted by the trial court at the close of plaintiff's case was error, for Clow at the time of the accident was acting within the scope of his employment as a matter of law. (*Wright S. E. Works* v. *Lawrence Cement Co.*, 167 N. Y. 440; *Ochsenbein* v. *Shapeley*, 85 N. Y. 214.) If Clow was not acting within the scope of his employment as a matter of law, then it must be either because at the time of the accident he was serving his own independent ends or because he had become the servant *ad hoc* of the Crown Mills, and whichever ground may be relied upon by the defendant in this court, the question was one of fact for the jury. (*Sharp* v. *Erie R. R. Co.*, 184 N. Y. 100; *Magar* v. *Hammond*, 183 N. Y. 387; *Mott* v. *C. Ice Co.*,

73 N. Y. 543; *Cohen* v. *D. D., E. B. & B. R. R. Co.,*
69 N. Y. 170; *Craven* v. *Bloomingdale,* 171 N. Y. 439;
*Lynch* v. *Metropolitan El. R. Co.,* 90 N. Y. 77; *Rounds*
v. *D., L. & W. R. R. Co.,* 64 N. Y. 129; *Blake* v. *Ferris,*
5 N. Y. 48; *Pack* v. *City of New York,* 8 N. Y. 222;
*Wright S. E. Works* v. *Lawrence Cement Co.,* 167
N. Y. 440; *Kellogg* v. *Church Charity Foundation,* 203
N. Y. 192; *Standard Oil Co.* v. *Anderson,* 212 U. S.
215.)

*Louis L. Waters* for respondent. It has not been
shown that the relation of master and servant existed
between Clow and the defendant at the time and in
respect to the very transaction out of which the injury
arose, and defendant is not liable. (*Wyllie* v. *Palmer,*
137 N. Y. 257; *McInerney* v. *D. & H. C. Co.,* 151 N. Y.
411.) There being no evidence that Clow was authorized
or directed by defendant to work upon the feed or to in
any manner interfere with it, defendant is not liable.
(*Flinn* v. *World's Dispensary Medical Assn.,* 64 App.
Div. 490.) Under the facts proved the question of
whether or not Clow was the servant of the Crown Mills
or the servant of the defendant in doing the act from
which the injury resulted, was purely a question of law
for the court. (*Wyllie* v. *Palmer,* 137 N. Y. 248;
*McInerney* v. *D. & H. C. Co.,* 151 N. Y. 411; *Flinn* v.
*World's Dispensary Medical Assn.,* 64 App. Div. 495.)

CULLEN, Ch. J. The action is brought to recover for
the death of plaintiff's intestate caused by the alleged
negligence of the defendant's servant. The circum-
stances of the accident are these: The deceased was
employed in a woolen mill. The corporation owning and
operating the mill had purchased from the defendant a
carding machine which, as testified by the president of
the corporation, the defendant agreed to set up and
start. The carding machine consisted of three cylinders

or rollers over which successively the wool was passed. Automatic feeds were used to feed the stock to the rollers. In this case the feeds were not bought of the defendant, nor was it claimed that the defendant was under any obligation to install them. The defendant did send an employee, one Clow, who, with some assistance from the millhands, set up the carding machine. The feeds were set up by the millhands with some assistance from Clow. After the machine had been erected in its place and secured to the floor it was necessary to adjust it and for this purpose to test it by operation. Clow, when starting on this work, observed that an iron ball on the feed was not properly secured, sought to correct this, and while so doing the ball dropped, and, falling through a hole in the floor, struck the deceased, who was on a lower story, inflicting the injuries from which it is claimed she subsequently died.

There is but one question presented on this appeal (the complaint having been dismissed at the close of the plaintiff's case): Was Clow in doing the work in which he let the ball drop, acting as the servant of the defendant? The question is a close one, but we think it should not have been decided by the court as a matter of law, but submitted to the jury as one of fact. The defendant paid Clow his wages during the whole time of his work at the mill, but the mill company paid Clow's other expenses. This, however, is not conclusive on the question, because a servant in the general service of one master may in the performance of a particular act be the servant of another. (*Wyllie* v. *Palmer*, 137 N. Y. 248.) Nor is there anything in the argument that if Clow was not the servant of the mill company, he must have been the servant of the defendant. He may have been the servant of neither, though his intention was to serve both. The liability of the defendant depends on the scope of his employment, the intent with which he did the act, and whether, under the circumstances, the act

was one he was justified in doing on his master's behalf. These were questions for the jury. There was evidence in the case from which the jury could have found that it was not practicable to feed by hand the roller at which the ball fell, and that the machine could not be adjusted except it was first put in operation with the wool passing through it. It must be conceded that neither the defendant nor Clow was under any obligation to remedy any defect in the feed. The mill company could have been called upon to do that work, and had it refused to do it, this would have relieved the defendant from any obligation to adjust the machine. But to call upon the mill company might have taken time and caused delay. The work on the feed seemed trivial, though unfortunately in this case its result was serious enough. If Clow's intent in his work on the ball of the feed was to forward his master's business of adjusting the carding machine, then his master would be liable for his act, provided the act fell within the scope of his employment. (*Wright Steam Engine Works* v. *Lawrence Cement Co.*, 167 N. Y. 440.) Whether the act was within the scope of Clow's employment depends on whether, under the circumstances, it was a proper one to be done by him in furtherance of his master's interests. If the work on the feed ball was done by Clow with any other purpose than to enable him to adjust the carding machine, or if it were not necessary for that purpose, or if, under the circumstances, it was not necessary or proper for Clow to do this work himself, instead of calling upon the mill-hands to do it, then in any of these cases the defendant was not liable.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

GRAY, CHASE and MILLER, JJ., concur; WILLARD BARTLETT and CUDDEBACK, JJ., dissent; HOGAN, J., not sitting.

Judgment reversed, etc.