GAYTON DELISA, an Infant, by MICHAEL DELISA, His Guardian ad Litem, et al., Appellants, *v.* ARTHUR F. SCHMIDT, INC., Defendant, and WARREN NORGE COMPANY, INC., Respondent.

Argued March 11, 1941; decided April 24, 1941.

*Frank L. Tyson* and *I. Sidney Worthman* for appellants.

*Edward M. Fuller* and *Daniel Mungall* for respondent.

DESMOND, J. The action is for damages for personal injuries suffered by the infant plaintiff when a refrigerating coil and tank unit, containing sulphur dioxide, exploded. The unit had been purchased by the plaintiff parent as junk from the defendant Arthur F. Schmidt, Inc. It was one of three " Frigidaire " units that had been removed from the Hotel Henri at Lynbrook, N. Y., by defendant Arthur F. Schmidt, Inc., to make way for the installation of a new Norge refrigerating unit. Defendant Warren

Norge Co., Inc., was the distributor from whom Schmidt, Inc., had purchased the new Norge unit. Two of defendant Norge's employees, a commercial installation supervisor and a service man, together with two employees of the Schmidt Company, had removed the old Frigidaire units and installed the new Norge unit. The employees of the defendant Norge knew at the time that sulphur dioxide was used in the Frigidaire units as a cooling substance or refrigerant and that sulphur dioxide, when confined and exposed to heat, would explode, and that the gas so released would imperil human life. Before removing the units they made sure that this refrigerant was pumped back into the tank of each unit. They did not remove this sulphur dioxide after the units were dismantled but allowed it to remain sealed in the tanks. Defendant Schmidt had the units removed to a fenced yard where the unit, which afterwards exploded injuring the infant plaintiff, remained for over a year until sold to the infant's father as junk.

By its answer the defendant Norge " Admits that prior to December 22, 1936, to wit, on December 21, 1935, its agents, servants and/or employees assisted the agents, servants and/or employees of another in dismantling certain portions of a certain refrigerating outfit in the Henri Hotel." An officer of Schmidt, Inc., testified that during part of the dismantling operation he was at the hotel and saw one of defendant Norge's employees remove one of the Frigidaire units, that he gave no orders to the employees of defendant Norge, that the employees of Schmidt, Inc., were not in charge of the dismantling operation, that he did not hear either of the employees of the defendant Norge give any orders, that he did not ask Mr. Wallace, the service manager of Warren Norge corporation, for help in installing the new Norge refrigerator, that he requested Warren Norge Company, Inc., to install the refrigerator, and that he had had a conversation with Mr. Wallace with reference to the dismantling of the old Frigidaire plant in the Henri Hotel. The trial judge refused to permit the witness to relate the conversation on the ground that there was no

evidence that Mr. Wallace, the service manager of defendant Norge, had authority to bind " his company with regard to the dismantling of an old plant which was not a Norge plant." Mr. Wallace was the supervisor of the employees of the defendant Norge sent to the Henri Hotel, and he sent them there " in connection with the assisting of dismantling of the refrigerating unit." The defendant Norge paid its employees for their work in removing the old unit and installing the new one.

The trial court after consultation with counsel for plaintiff and for the defendant Norge, dismissed the complaint as against the defendant Norge, and declared a mistrial as against the defendant Schmidt. At this stage of the proceeding plaintiff had yet to introduce any proof of the manner in which the accident happened, the damage to plaintiffs, and the infant plaintiff's freedom from negligence. The case has been treated by counsel for the respective parties and the courts below as if such proof had been introduced. Further, it was stipulated that the record be deemed to be amended to show " that this infant plaintiff sustained injuries when the chemical exploded and came in contact with him." The Appellate Division unanimously affirmed the dismissal of the complaint as against the defendant Norge. This court granted leave to appeal.

We are of the opinion that the record presents a question of fact as to whether the two men sent by the defendant Norge to help install the new refrigerator in the Henri Hotel remained in the employ of the defendant Norge while assisting in the dismantling of the Frigidaire units. Plaintiff's evidence and the inferences reasonably to be drawn therefrom established a *prima facie* case of negligence on the part of the defendant Norge, if it be found that the men sent to the hotel to help the defendant Schmidt install the new machine remained in the employ of the defendant Norge.

While the defendant Norge urges otherwise, the evidence admits of a finding that the two men continued in their general employment while installing the new machine.

They were sent to install it at the request of the defendant Schmidt. They were under the control of the service manager of the defendant Norge. They were paid by the defendant Norge. The work they did, at least to the extent of installing the new Norge refrigerator, was indirectly but substantially beneficial to the defendant Norge, as it aided in the sale of the machine and promoted good will with the customer and with the retailer Schmidt. From the authority to install the new machine may be inferred the authority to do all acts necessarily connected therewith or that would in a reasonable manner expedite the work assigned. (*Casey* v. *Davis & Furber Machine Co.*, 209 N. Y. 24.) The dismantling of the old units could be found as fact to be merely incidental to the installing of the new refrigerating equipment, as installation of the new refrigerator first required removal of the old one. The fact that the employees of the defendant Norge assumed the work of removing the old units without order or request from the defendant Schmidt is some evidence that they were simply performing their duties to their general employer. Moreover, the record is barren of proof that the general employer surrendered control of its employees, and " it must be presumed that [its] control continued." (*Irwin* v. *Klein*, 271 N. Y. 477, 485.) It was error, therefore, for the trial court to hold as matter of law that the two men sent to the Henri Hotel by the defendant Norge were not in its employ when they undertook to dismantle the old equipment in order to install the new. (*Wawrzonek* v. *Central Hudson G. & E. Corp.*, 276 N. Y. 412.)

One of the essentials to be considered in determining the question whether the general employment of one doing work primarily beneficial to another continues, is the agreement or understanding between the general employer and the person primarily benefited. (*Braxton* v. *Mendelson*, 233 N. Y. 122.) The general employer, particularly if the general employer is a corporation, may be bound by its agent, whom it intrusts with the responsibility of assigning the work to be done by other employees, to an agreement

whereby its employees perform work for another. The scope of the agent's authority to make such an agreement may be a question of law. More often, however, it is a question of fact. Where the service manager of the defendant Norge was shown to have authority to bind his principal to the extent of permitting its employees to install a new machine, a question of fact was presented as to whether the scope of his authority did not also include the right to make an agreement that the employees under his control shall remove an old machine before installing a new one. The court erred in not permitting the witness Schmidt to relate the agreement with Mr. Wallace, the service manager of the defendant Norge.

Here the instrument which caused the injury to the infant plaintiff was inherently dangerous (*Pettis* v. *N. Y. State Elec. & Gas Corp.*, 275 N. Y. 507), to the knowledge of the employees of the defendant Norge. They left it in such condition that it could and did become a source of injury to the unsuspecting. Their negligence in so doing is attributable to their employer, whoever he may have been at the time. Should the jury find that the defendant Norge was their employer, then upon the plaintiff's proof the defendant Norge would be liable.

It follows, therefore, that it was error to dismiss the complaint as against the defendant Norge at the end of plaintiffs' case.

The judgment so far as appealed from should be reversed and a new trial granted, with costs in all courts to abide the event.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Judgment accordingly.