■ MARKES JAMES, Individually, and as Administrator of the Estate of GLADYS JAMES, Deceased, Appellant, v. OLIVER HOLDER, Defendant, and CITY OF NEW YORK, Respondent.— Judgment entered upon a dismissal by the trial court of a wrongful death action against defendant City of New York, unanimously reversed, on the law and in the interests of justice, with costs and disbursements to abide the event, and new trial granted. In dismissing the complaint at the close of plaintiff's evidence on a jury trial, the court acted contrary to the well-recognized rule that, upon a motion then made, all the fair and reasonable inferences that can be adduced from the evidence must be considered in the light most favorable to the plaintiff, and if upon a consideration of such inferences, the plaintiff would be entitled to recover, the complaint may not be dismissed. (*Rodak* v. *Fury,* 31 A D 2d 816; *Brownlee* v. *Hot Shoppes,* 23 A D 2d 848; *Lomoriello* v. *Tibbets Contr. Corp.,* 18 A D 2d 911, affd. 13 N Y 2d 736.) Particularly, too, it should be noted that this is a wrongful death action and in such action, it has been held that a plaintiff is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself testify to the relevant facts. (*Anderson* v. *Bee Line,* 1 N Y 2d 169, 172.) The death of plaintiff's intestate resulted from shock caused by internal bleeding following delivery of a normal baby by caesarean section performed in a hospital maintained and operated by the city. She went into shock shortly after the delivery of the baby and died in the operating room. There was expert testimony that the amount of blood which had been given decedent by transfusion as a replacement was inadequate; that if adequate replacement had been made, the patient's condition would have been stabilized and she would not have reached the point of irreversible shock. The plaintiff's case against the defendant city was based upon the alleged negligence of the anesthetist, Dr. Berman, who was allegedly acting within the scope of his employment by the city. Dr. Berman had assumed the responsibility for the services of the anesthetist in connection with this particular operation and he remained in attendance during and following it. An expert called by plaintiff testified that the responsibility for dealing with the shock rested upon the anesthetist and that it was his duty to replace blood lost through bleeding. Thus, there was established a prima facie case of negligence on the part of Dr. Berman. The city, in moving to dismiss, contended that the plaintiff failed to prove that Dr. Berman was engaged in the performance of duties for the city during the operation and that he was then acting within the scope of his city employment. The Trial Judge, in dismissing the complaint,

stated "I find" that Dr. Berman "at the time that he participated in the operation of this deceased * * * was acting as an independent agent * * * and there was such proof." He further said "At that moment he was acting in his own right, in his own behalf, in behalf of this deceased and consequently, even if he were negligent, that negligence could not be imputed to the city because he was not then an employee of the City of New York." Of course, the Trial·Judge was not entitled to make findings at the close of plaintiff's case. If there were issues of fact, they were to be submitted to the jury. Although it appeared that the decedent was admitted to the city hospital as a private patient under the care of a private and·independent physician who performed the operation, there was sufficient evidence presented in plaintiff's case to put the defendant city to its proof with respect to the duties of Dr. Berman and his employment at the time of the operation. Dr. Berman, now deceased, was employed by the city as an anesthetist in the anesthesiology department of this particular city hospital. Although in the general employ of the city at a yearly salary, he had the privilege of serving private and semi-private patients, and, when he treated such patients, he would bill them directly and receive the fees. It did not appear, however, that he was chosen or specifically retained by the decedent or her family to act as the anesthetist in the case of her operation, or that he was under their direction and control; nor did it appear that they had agreed to pay his fees. In fact, the evidence would sustain an inference that he had entered upon the particular task in the operation room because he was available at the hospital by reason of his employment there. In the performance of his duties in the room, he used material and equipment furnished by the city and, in transfusions, the blood which would ordinarily be used would be furnished by the city. There being no evidence that the decedent or her family chose Dr. Berman as anesthetist to the patient (cf. *Shapira* v. *United Med. Serv.*, 15 N Y 2d 200, 212, 213), nor any evidence conclusively establishing that this general employee had stepped out of the scope of his general employment to engage in a *pro hac vice* service to or special employment by the patient (cf. *Delisa* v. *Arthur F. Schmidt, Inc.*, 285 N. Y. 314, 319; *Wawrzonek* v. *Central Hudson Gas & Elec. Corp.*, 276 N. Y. 412, 419; *Irwin* v. *Klein*, 271 N. Y. 477, 484–485; *Campoli* v. *Endicott Constr. Servs.*, 21 A D 2d 947, 948), it was error for the trial court to conclude that, as a matter of law, the plaintiff had failed to establish a prima facie case against the city. Concur — Stevens, P. J., Eager, Capozzoli and Markewich, JJ.