■ GROSS VENEER COMPANY, INC., Respondent, v AMERICAN MUTUAL INSURANCE COMPANIES, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered February 16, 1979 in St. Lawrence County, granting plaintiff partial summary judgment. On October 24, 1968, defendant American Mutual Insurance Companies and plaintiff Gross Veneer Company, Inc., entered into a manufacturer's blanket crime policy insuring plaintiff against employee dishonesty. Following an embezzlement of funds by an alleged employee of plaintiff, this action was commenced to recover the full amount of the policy, the embezzled amount being far in excess of the policy maximum. The complaint alleged that plaintiff employed one Chester Shockley who, while the policy was in effect, stole funds of plaintiff and appropriated them for his own use. The complaint also alleges that plaintiff compensated Shockley by salary, wages and an expense account. The answer denied the allegations. Special Term, because of insufficient proof of how the crime occurred and of the amount stolen, treated the motion as one for partial summary judgment with respect to Shockley's status. In resolving this issue, the trial court properly relied on the following definition of "employee" contained in the subject policy: " 'Employee' means a natural person who at time of loss is in the regular service of the insured in the ordinary course of the insured's business, who is compensated by the insured by salary, wages or commissions, and whom the insured has the right to govern and direct at all times in the performance of such service. * * * 'Employee' does not include brokers, agents, factors, commission merchants, consignees or contractors or other agents or representatives of the same general character." Clearly, this definition of "employee" creates a three-pronged test. The individual must be (1) compensated by the insured by salary, wages or commissions and (2) be subject to the insured's

right to govern and direct at all times in the performance of his duties, and (3) not be a broker, agent, factor, commission merchant, consignee or contractor, or other agent or representative of the same general character. In contravention of plaintiff's assertion that the malfeasor was its employee, defendant supplied documentary proof in the nature of Federal wage and tax statement (W-2) forms for the years 1968, 1969 and 1970 showing that the Litchfield Park Corporation paid Shockley's salary for that year and not the plaintiff. Special Term accepted the unsupported explanation of plaintiff's vice-president that Litchfield Park was reimbursed annually by plaintiff for Shockley's wages, and, further, that this arrangement was for administrative convenience between related corporations. The record is barren, however, of any proof of the nature of the business relationship, and, more importantly, if the payment by Litchfield Park of Shockley's wages conferred on that corporation the right to govern and direct their payee in the conduct of his duties or, if such control was exercised, whether Shockley became plaintiff's agent. If either of these possibilities did in fact exist, then the policy definition of "employee" would compel the conclusion that Shockley was not an "employee" within the meaning of the policy. Therefore, since Special Term did not deal with these two issues, there must be a reversal despite other evidence in the record that plaintiff regarded Shockley as an employee as evidenced by its liability and workers' compensation policies. Order reversed, on the law, with costs, and motion denied. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.