■ Fortunoff Silver Sales, Inc., on Behalf of Itself and Fortunoff Fine Jewelry and Silverware of New Jersey, Inc., et al., Appellants, v Hartford Accident and Indemnity Company, a Part of the Hartford Insurance Group, Respondent. — In an action to recover on a policy of insurance, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County

(Pantano, J.), dated December 3, 1981, which dismissed the complaint at the end of the plaintiffs' case, at a jury trial. Judgment reversed, on the law, and a new trial granted, with costs to abide the event. On April 25, 1971 defendant Hartford Accident and Indemnity Company (Hartford) and plaintiffs (hereinafter to be referred to collectively as Fortunoff) entered into a contract of insurance, which provided Fortunoff with protection from, *inter alia,* loss by reason of robbery, burglary, and theft. On December 24, 1976 William Young, a security guard, was robbed at gunpoint while he was in the process of transporting cash and checks from Fortunoff's place of business to a local bank. Subsequently, Fortunoff commenced the instant action to recover approximately $56,000 pursuant to the policy. The complaint alleged that (1) Young was an employee of Fortunoff within the meaning of the policy; (2) Young was robbed while working "under the exclusive control, direction and orders" of Fortunoff; and (3) Fortunoff was entitled to recover under the policy. The answer denied these allegations. At the conclusion of Fortunoff's case, the trial court granted the defendant's motion for a directed verdict on the ground that, as a matter of law, Young was an employee of L&M Security Services and not Fortunoff. Special Term erred in holding, as a matter of law, that Young was an employee of L&M Security Services. The insurance policy in question contains the following definition of "employee": " 'Employee' means any natural person * * * while in the regular service of the Insured in the ordinary course of the Insured's business during the Policy Period and whom the Insured compensates by salary, wages or commissions and has the right to govern and direct in the performance of such service, but does not mean any broker, factor, commission merchant, consignee, contractor or other agent or representative of the same general character." In *Gross Veneer Co. v American Mut. Ins. Cos.* (73 AD2d 1028, 1028-1029), the Third Department stated with respect to this definition: "Clearly, this definition of 'employee' creates a three-pronged test. The individual must be (1) compensated by the insured by salary, wages or commissions and (2) be subject to the insured's right to govern and direct at all times in the performance of his duties, and (3) not be a broker, agent, factor, commission merchant, consignee or contractor, or other agent or representative of the same general character." The evidence adduced at trial demonstrated that while Young was paid by L&M Security Services for his normal working hours, he also was paid by Fortunoff for any overtime he worked. The record reveals that Young was compensated by Fortunoff for any time over 67½ hours he worked in any given week and that Young normally worked over 80 hours per week. In addition, the evidence presented by Fortunoff demonstrated that it had the sole right to govern and direct Young's duties and activities. Young himself testified that he never received any instructions from L&M or its predecessor, since being assigned to Fortunoff in 1965. Fortunoff's executive vice-president testified that Fortunoff had an agreement with L&M to the effect that Fortunoff, and no one else, was responsible for directing and supervising Young in the performance of his duties. In view of the testimony adduced by Fortunoff, a question of fact was presented for resolution by the jury as to whether Young was an employee of Fortunoff within the meaning of its policy with defendant (see *Casey v Davis & Furber Mach. Co.,* 209 NY 24, 27; *Gross Veneer Co. v American Mut. Ins. Cos., supra*). Accordingly, the judgment must be reversed and a new trial granted. Damiani, J. P., Mangano, Thompson and O'Connor, JJ., concur.